UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OPENSHAW AND LILY OPENSHAW<br>  Individually and as Guardians of<br>SOPHIA OPENSHAW AND REGINA<br>OPENSHAW, Minors<br>10 Wainwright Avenue<br>Annapolis, MD 21403<br><br>       Plaintiffs,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA<br>   Serve:<br>         Alberto Gonzales<br>         Attorney General<br>         U.S. Department of Justice<br>         950 Pennsylvania Ave., N.W.<br>         Washington, D.C.  20530<br><br>         Civil Process Clerk<br>         United States Attorney's<br>          Office for the District<br>          of Columbia<br>         555 4th Street, N.W.<br>         Washington, D.C.  20530<br><br>  and<br><br>CONSOLIDATED ENGINEERING SERVICES, INC.<br>   Serve:<br>         Corporation Service Company<br>         1090 Vermont Avenue, N.W.<br>         Washington, D.C.  20005<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MONEY DAMAGES

COME NOW Plaintiffs David Openshaw and Lily Openshaw, individually and as

Guardians of Sophia and Regina Openshaw, Minors, by counsel, and for their Complaint for Money

Damages against Defendants The United States of America and Consolidated Engineering Services,

Inc., respectfully state as follows:

### Nature of Case

This is an action for damages arising out of personal injuries sustained by Sophia Openshaw

and Regina Openshaw on April 22, 2005, when the girls were severely burned as a result of the

negligent operation, maintenance and/or repair of an underground steam structure located on

property owned and controlled by the General Services Administration.

### Jurisdiction and Venue

1.      The Court's personal jurisdiction over The United States of America is manifest,

and the United States has waived sovereign immunity pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 2671 (2006) *et seq.* and 28 U.S.C. § 1346(b) (2006).

2.      The Court has personal jurisdiction over Defendant Consolidated Engineering

Services, Inc. (hereinafter sometimes referred to as "Consolidated") pursuant to D.C. Code § 13-

423(a)(2006) in that Consolidated regularly transacts business in the District of Columbia and

caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

3.      This Court has subject matter jurisdiction over the claims asserted against the

United States pursuant to 28 U.S.C. § 1346(b) (2006).

4.      The Court has subject matter jurisdiction over the claims against Consolidated

pursuant to 28 U.S.C. § 1367(a) (2006).  In addition, the Court also has subject matter jurisdiction

over Plaintiff's claims against Consolidated pursuant to 28 U.S.C. § 1332(a)(2006) in that the

parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) (2006), as the acts and omissions complained of occurred in the District of Columbia.

## Parties

6.    Plaintiffs David Openshaw and Lily Openshaw are now, and at all relevant times have been, adult residents of the State of Maryland, residing at 10 Wainwright Avenue, Annapolis, Maryland, 21403, and are the natural parents and guardians of Sophia and Regina Openshaw, ages 12 and 7, respectively, at the time of the incident.

7.    The United States General Services Administration ("GSA") is an executive agency of the United States government, and a "federal agency" within the meaning of 28 U.S.C. § 2671.

8.    Consolidated is a Virginia corporation with offices located at 320 23rd Street, Suite 100, Arlington, Virginia, 22202.  Consolidated is registered to do business in Washington, D.C. and has a registered agent at 1090 Vermont Avenue, N.W., Washington, D.C., 20005. Upon information and belief, Consolidated is in the business of maintaining and repairing underground steam structures.

## Facts

9.    On or about April 22, 2005, Plaintiff Lily Openshaw and her daughters, Sophia and Regina, visitors to Washington, D.C., were walking on the sidewalk on the east side of 10th Street, N.W., between Pennsylvania Avenue and Constitution Avenue, when a gout of scalding hot steam escaped from a vent in the sidewalk, severely burning both girls.  The origin of the steam was an underground steam distribution structure or complex.  Access to the vent in the

3

sidewalk was neither barricaded nor blocked.

10.     Sophia sustained painful first and second degree burns to her left ankle and foot, and Regina sustained severe burns to her leg.  Both girls required extensive medical care and treatment for which Plaintiffs David and Lily Openshaw incurred considerable expense.

11.     Upon information and belief, the property on which Sophia and Regina Openshaw were standing when the steam escaped is owned and/or managed by GSA.

12.     Upon information and belief, GSA had entered into a contract with Consolidated to perform maintenance and repair of the underground steam distribution structure or complex underlying the sidewalk where Sophia and Regina were burned.

13.     On September 7, 2005, David and Lily Openshaw presented their claims for medical expenses and the claims of their daughters for personal injuries referenced herein to GSA.  GSA rejected the claims in their entirety by letter dated March 8, 2006, thus finally denying the claims set forth herein for purposes of 28 U.S.C. § 2675 (2006).

**Count I – The United States of America**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**<u>Negligence</u>**

14.     Paragraphs 1-13 above are hereby incorporated by reference as if set forth fully herein.

15.     As an owner of property in the District of Columbia, Defendant owed a duty to persons lawfully on its property to exercise reasonable care to make the premises reasonably safe.  Defendant breached that duty, and was negligent by, *inter alia*:

a)     failing properly to install, maintain, and/or repair the underground steam structure underlying its property;

b)     failing properly to prevent the escape of scalding steam from the underground

4

steam structure underlying its property;

c)      failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure underlying its property;

d)      failing properly to select, supervise, monitor, or inspect the contractor engaged to perform maintenance and repair services on the underground steam structure underlying its property; and

e)      was otherwise negligent.

f)      Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

16.    As a direct and proximate result of the negligence of Defendant, The United States of America, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

17. As a direct and proximate result of the negligence of Defendant, The United States of America, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### Count II – The United States of America
### (David and Lily Openshaw, Individually and
### as Guardians of Regina Openshaw)
### <u>Negligence</u>

18.    Paragraphs 1-13 above are hereby incorporated by reference as if set forth fully herein.

19.    As an owner of property in the District of Columbia, Defendant owed a duty to persons lawfully on its property to exercise reasonable care to make the premises reasonably safe. Defendant breached that duty, and was negligent by, *inter alia*:

a)    failing properly to install, maintain, and/or repair the underground steam structure underlying its property;

b)    failing properly to prevent the escape of scalding steam from the underground steam structure underlying its property;

c)    failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure underlying its property;

d)    failing properly to select, supervise, monitor, or inspect the contractor engaged to perform maintenance and repair services on the underground steam structure underlying its property; and

e)    was otherwise negligent.

f)    Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

20.    As a direct and proximate result of the negligence of Defendant, The United States of America, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

6

21. As a direct and proximate result of the negligence of Defendant, The United States of America, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America as follows: (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count III – Consolidated**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**<u>Negligence</u>**

22. Paragraphs 1 – 13 above are hereby incorporated by reference as if set forth fully herein.

23. Defendant Consolidated owed a duty to prevent injury arising from events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

24. Defendant Consolidated breached that duty, and was negligent in, *inter alia*:

a) failing properly to install, maintain, and/or repair the underground steam structure referenced herein;

b) failing properly to prevent the escape of scalding steam from the underground steam structure referenced herein;

c) failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure referenced herein; and

d) was otherwise negligent.

7

e)      Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

25.    As a direct and proximate result of the negligence of Defendant, Consolidated Engineering Services, Inc., Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

26.    As a direct and proximate result of the negligence of Defendant, Consolidated Engineering Services, Inc., Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc. as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### Count IV – Consolidated
### (David and Lily Openshaw, Individually and
### as Guardians of Regina Openshaw)
### Negligence

27.    Paragraphs 1 – 13 above are hereby incorporated by reference as if set forth fully herein.

28.    Defendant Consolidated owed a duty to prevent injury arising from events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

29.    Defendant Consolidated breached that duty, and was negligent in, *inter alia*:

a)      failing properly to install, maintain, and/or repair the underground steam structure

8

referenced herein;

     b)     failing properly to prevent the escape of scalding steam from the underground steam structure referenced herein;

     c)     failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure referenced herein; and

     d)     was otherwise negligent.

     e)     Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

     30.     As a direct and proximate result of the negligence of Defendant, Consolidated Engineering Services, Inc., Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

     31. As a direct and proximate result of the negligence of Defendant, Consolidated Engineering Services, Inc., Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

     WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count V – All Defendants**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**Negligence *Per Se***

32.    Paragraphs 1- 13 above are hereby incorporated by reference as if set forth fully

herein.

33.    Defendants owed the public generally, and Plaintiffs specifically, statutory duties

regarding the property owned and/or managed by them.  Those duties arose from D.C. Mun.

Regs. tit. 24, § 2001.4 (2004) which prohibits any person who occupies, places, leaves, or causes

to be placed or left on any public space any obstruction that is dangerous to life and limb, without

protecting and guarding that public space.

34.    The aforementioned statute promotes public safety, and was enacted to protect

persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute

therefore set forth duties with which Defendants were required to comply.

35.    Defendants breached those duties and were negligent *per se* by failing to protect

or guard the underground steam structure vent and/or protect or guard against the escape of

scalding steam from the unprotected obstruction on the public sidewalk.

36.    As a direct and proximate result of the negligence of Defendants, Sophia

Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and

embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered

inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for

their daughters' injuries.

37. As a direct and proximate result of the negligence of Defendants, Plaintiffs

individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less

than $235,000.00, which will be proven at trial.

10

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America and Consolidated Engineering Services, Inc., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count VI – All Defendants
(David and Lily Openshaw, Individually and
as Guardians of Regina Openshaw)
Negligence *Per Se***

38.    Paragraphs 1- 13 above are hereby incorporated by reference as if set forth fully herein.

39.    Defendants owed the public generally, and Plaintiffs specifically, statutory duties regarding the property owned and/or managed by them. Those duties arose from D.C. Mun. Regs. tit. 24, § 2001.4 (2004) which prohibits any person who occupies, places, leaves, or causes to be placed or left on any public space any obstruction that is dangerous to life and limb, without protecting and guarding that public space.

40.    The aforementioned statute promotes public safety, and was enacted to protect persons in Plaintiffs' position, and to prevent the type of incident described above. Such statute therefore set forth duties with which Defendants were required to comply.

41.    Defendants breached those duties and were negligent *per se* by failing to protect or guard the underground steam structure vent and/or protect or guard against the escape of scalding steam from the unprotected obstruction on the public sidewalk.

42.    As a direct and proximate result of the negligence of Defendants, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered

inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

43. As a direct and proximate result of the negligence of Defendants, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America and Consolidated Engineering Services, Inc., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

Respectfully submitted,

By:

Peter C. Grenier (D.C. Bar # 418570)
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100 (telephone)
(202) 828-4130 (facsimile)
Counsel for Plaintiffs

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

David Openshaw, et al.

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Peter C. Grenier, Esq.
Bode & Grenier, LLP
1150 Connecticut Ave., NW, Ninth Floor
Washington, DC 20036
202-828-4100 (telephone)  202-828-4130 (fax)

**DEFENDANTS**

THE UNITED STATES OF AMERICA, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

ATTORNEYS

CASE NUMBER  1:06CV01884

JUDGE: Richard W. Roberts

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 11/03/2006

**II. BASIS OF JURISDICTION**
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**
(FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

# IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**◉ B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 2671 (2006) et seq. and 28 U.S.C. § 1346(b) (2006). Negligence and Negligence Per Se.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ $320,000.00 (total)   Select YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 11/3/06   SIGNATURE OF ATTORNEY OF RECORD _Peter C. Grenier_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.