## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID OPENSHAW, *et al.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 06-cv-1884 (RWR) |
| | : | |
| THE UNITED STATES | : | |
| OF AMERICA, *et al.* | : | |
| | : | |
| Defendants. | : | |

### ANSWER TO COMPLAINT

COMES NOW Defendant, Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and for its Answer to the Complaint filed by the Plaintiffs herein states as follows:

### First Defense

The Complaint fails to state of cause of action against Defendant CESI and should be dismissed.

### Second Defense

1.      Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is necessary.

2.      Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is necessary.

3.      Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is necessary.

4.      Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is necessary.

5.      Defendant acknowledges Plaintiffs are attempting to assert the venue of this Court to which no response is necessary.

6.      Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 6 and can neither admit nor deny at this time.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits it has offices at 320 23rd St. Arlington, Va. and denies the remainder of the allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations of the Paragraph 9 of the Complaint.

10.     Defendant denies the allegations of the Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies Paragraph 12 as phrased.

13.     Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 13 and can neither admit nor deny at this time.

14.     Defendant hereby incorporates by reference Paragraphs 1-13 above as if set forth fully herein.

15.     The Allegations of this Paragraph do not pertain to this Defendant and thus need not be answered by this Defendant. To the extent any allegation of Paragraph 15 does refer, relate or imply any act or omission of this Defendant, any such allegation is denied.

16.     The Allegations of this Paragraph do not pertain to this Defendant and thus need not be answered by this Defendant. To the extent any allegation of

Paragraph 16 does refer, relate or imply any act or omission of this Defendant, any such allegation is denied.

17.    The Allegations of this Paragraph do not pertain to this Defendant and thus need not be answered by this Defendant. To the extent any allegation of Paragraph 17 does refer, relate or imply any act or omission of this Defendant, any such allegation is denied.

18.    Defendant hereby incorporates by reference Paragraphs 1-17 above as if set forth fully herein.

19.    The Allegations of this Paragraph do not pertain to this Defendant and thus need not be answered by this Defendant. To the extent any allegation of Paragraph 19 does refer, relate or imply any act or omission of this Defendant, any such allegation is denied.

20.    The Allegations of this Paragraph do not pertain to this Defendant and thus need not be answered by this Defendant. To the extent any allegation of Paragraph 20 does refer, relate or imply any act or omission of this Defendant, any such allegation is denied.

21.    The Allegations of this Paragraph do not pertain to this Defendant and thus need not be answered by this Defendant. To the extent any allegation of Paragraph 21 does refer, relate or imply any act or omission of this Defendant, any such allegation is denied.

22.    Defendant hereby incorporates by reference Paragraphs 1-21 above as if set forth fully herein.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant hereby incorporates by reference Paragraphs 1-26 above as if set forth fully herein.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant hereby incorporates by reference Paragraphs 1-31 above as if set forth fully herein.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant hereby incorporates by reference Paragraphs 1-37 above as if set forth fully herein.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

### Third Defense

Defendant CESI affirmatively asserts the defense of the statute of limitations as to each and every allegation and count of the Complaint.

### Fourth Defense

Defendant CESI pleads and avers the affirmative defense of estoppel.

### Fifth Defense

Defendant CESI pleads and avers the affirmative defense of Release.

### Sixth Defense

Defendant CESI asserts the Plaintiffs failed to mitigate damages.

### Seventh Defense

Defendant CESI pleads and avers the affirmative defense of contributory negligence.

### Eighth Defense

Defendant CESI pleads and avers the affirmative defense of the assumption of the risk.

### Ninth Defense

Defendant CESI pleads and avers that the injuries and damages alleged by the Plaintiffs were the result of independent and/or intervening acts over which Defendant CESI had no control or responsibility.

### Tenth Defense

Plaintiffs lack standing to bring this action.

### Eleventh Defense

Plaintiffs have failed to join indispensable parties and as a consequence the Complaint should be dismissed.

**Twelfth Defense**

The Plaintiffs lack privity with Defendant CESI and as a consequence Defendant CESI owed no duty or responsibility to Plaintiffs for any consequential or personal injuries.

Defendant CESI reserves the right to further amend this Answer as discovery develops.

**COUNTERCLAIM AGAINST PLAINTIFF LILY OPENSHAW**

COMES NOW Defendant, Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, pursuant to Rule 13 of the Federal Rules of Civil Procedure and files its Counterclaim against Plaintiff Lily Openshaw. In support thereof, CESI states as follows:

1.    On or about November 3, 2006, Plaintiffs filed the above-captioned lawsuit against Defendants CESI and USA alleging each Defendant was negligent in operating, maintaining and/or repairing the steam distribution complex ("SDC"). As a result of this alleged negligence, Plaintiffs Sophia and Regina were purportedly

injured when these Plaintiffs came in contact with steam or some other vapor emitting from the steam distribution complex ("SDC").

2.      The injuries complained of in Plaintiffs' Complaint allegedly occurred on April 22, 2005 when Plaintiffs Lily, Sophia and Regina purposely and intentionally walked onto a vent emitting visible steam, or other vapor from a vent in or about the public street and traffic throughway or other area adjacent and not part of the pedestrian walkway.

3.      At all times and places as they traveled in the District of Columbia on the day of their alleged incident, Plaintiff, Lily Openshaw, had a duty to supervise her minor children and to exercise reasonable care and attention for their protection and safety and otherwise to act in a reasonable and responsible manner to prevent harm to occur to the minor Plaintiffs, Sophia and Regina Openshaw.

4.      Plaintiff Lily Openshaw breached her duty to supervise the minor Plaintiffs, Sophia and Regina Openshaw, by allowing said children to wonder off the pedestrian walkway and/or into the street and allowing each of them to purposely walk onto a grate visibly emitting scalding hot steam, or injurious vapors.

5.      As a direct and proximate result of Plaintiff. Lily Openshaw's negligence, her children, the minor Plaintiffs, Sophia and Regina Openshaw, allegedly suffered personal injuries.

WHEREFORE, Defendant CESI is entitled to full indemnity and/or contribution for any or all damages that may be imposed upon it and further requests that this Honorable Court to issue an order:

(a)     Entering judgment in favor of Defendant CESI against Plaintiff Lily
        Openshaw;

(b)     Awarding in favor of Defendant CESI, Plaintiff Lily Openshaw's
        contribution for any sum awarded to the Plaintiffs against Defendant
        CESI;

(c)     Awarding Defendant CESI reasonable attorneys' fees and costs; and

(d)     Awarding Defendant CESI such further relief as this Court deems just
        and proper.

## CROSS-CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA

COMES NOW Defendant, Consolidated Engineering Services, Inc. ("CESI"),
by and through its counsel, William J. Hickey, Esquire of the Law Offices of William
J. Hickey, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure and files its
Cross-Claim herein against Defendant United States of American ("USA").  In
support thereof, CESI states as follows:

8

1.      On or about November 3, 2006, Plaintiffs filed the above-captioned lawsuit against Defendants CESI and USA alleging each Defendant was negligent in operating, maintaining and/or repairing the steam distribution complex ("SDC").  As a result of this alleged negligence, Plaintiffs were purportedly injured when the Plaintiffs came in contact with steam or some other vapor emitting from the SDC.

2.      It is alleged that Defendant, USA and the General Services Administration ("GSA"), own and are primarily responsible for the operation of the SDC.

3.      It is further alleged that Defendant, USA and the GSA, are also primarily responsible for supervising, overseeing and ensuring quality assurance on the repair and maintenance of the SDC.

4.      It is alleged that GSA entered into a certain contract with CESI to perform certain repair and maintenance of the SDC  prior to the occurrence that is the subject of the instant dispute.

5.      Defendant, CESI denies it is liable to Plaintiffs in any respect whatsoever and that Plaintiff was primarily and directly contributory negligent with respect to the occurrence. However, should the Plaintiff prevail in any respect against the Defendant, CESI, the Defendant, CESI, hereby pleads and avers that on the occasion which is the subject of this lawsuit, Defendant, USA, owed the primary duty of care to the Plaintiffs and was negligent in the following respects:

a.      Defendant USA was aware of the problems of water leaking into the SDC at the location of the accident that is the subject of this lawsuit (Manhole 41), for at least two (2) years prior to said accident.

b.    Defendant USA had the primary responsibility for any repair and negligently failed to repair and/or initiate proper procedures for follow up identification and inspections of the existence of possible water leakage problems at this location both prior to and after GSA allegedly entered into a contract with CESI for it to perform certain maintenance services.

c.    Defendant USA was negligent in its responsibility to initiate, detect, follow-up, oversee,  assign, approve, supervise and/or provide quality assurance for the maintenance and repair work on the SDC it owns and operates.

d.    Such negligent actions stated in paragraphs (a) through (c) above, on the part of Defendant USA, were the direct and proximate cause of the injures set forth in Plaintiffs' Complaint.

6.    Defendant, CESI, further avers and pleads that Defendant and Cross-Defendant, USA, waived its sovereign immunity for such negligent acts pursuant to the provisions of the Federal Tort Claims Act.  28 U.S. C. § 2674.

7.    Presentation of an administrative claim to the appropriate government agency is not required before filing a cross-claim.  28 U.S.C. § 2675(a).

WHEREFORE, Defendant, CESI, asserts it is entitled to full indemnification and/or contribution for any or all damages that may be imposed upon it and further requests that this Honorable Court to issue an order:

(e)    Entering judgment in favor of Defendant, CESI, against Defendant and Cross-Defendant, USA;

(f)     Granting Defendant, CESI, compensatory and consequential damages against Defendant and Cross-Defendant, USA, in an amount to be determined at trial;

(g)     Awarding Defendant, CESI, reasonable attorneys' fees and costs;

(h)     Awarding in favor of Defendant, CESI, contribution as determined by this Court for any sum awarded to the Plaintiffs against Defendant, CESI;

(i)     Awarding judgment in favor of Defendant, CESI, against Defendant and Cross-Defendant, USA, for any sum awarded to the Plaintiffs against Defendant, CESI; and

(j)     Awarding Defendant, CESI, such further relief as this Court deems just and proper.


                        CONSOLIDATED ENGINEERING
                          SERVICES, INC.


                        _____/s/ William J. Hickey_____
                        William J. Hickey, Bar No.:  928945
                        Counsel for the Defendant CESI
                        33 Wood Lane
                        Rockville, MD 20850
                        301-424-6300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2006, I mailed,

postage prepaid, and submitted via electronic filing, to the foregoing:

Douglas E. Fierberg, Esq.
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

Alberto Gonzales
Attorney General
U.S. Department of Justice
950 Pennsylvania, Avenue, NW
Washington, DC 20530

Civil Process Clerk
United States Attorney's
 Office for the District
 of Columbia
555 4th Street, NW
Washington, DC 20530

_____ /s/  William J. Hickey _____
William J. Hickey