**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
|  | ) |  |
| **DAVID OPENSHAW, et al.** | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. 06-CV-1884(RWR) |
|  | ) |  |
| **CONSOLIDATED ENGINEERING** | ) |  |
| **SERVICES, INC., et al.** | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**ANSWER TO DEFENDANT CONSOLIDATED**
**ENGINEERING SERVICES, INC.'S COUNTERCLAIM**

For her Answer to the Counterclaim Against Plaintiff Lily Openshaw filed by Defendant

Consolidated Engineering Services, Inc. ("CESI"), Plaintiff Lily Openshaw, by counsel,

responds as follows:

**General Denial**

Plaintiff Lily Openshaw denies each and every allegation contained in CESI's

Counterclaim, except as hereinafter may be expressly admitted.

The above captioned case was initiated by Plaintiffs Lily Openshaw, David Openshaw,

Sophia Openshaw, and Regina Openshaw. Sophia and Regina Openshaw, minor children,

suffered severe burns and injuries as a result of the negligent operation, maintenance, and/or

repair of an underground steam distribution complex that emitted dangerous and injurious steam

directly into and onto a pedestrian walkway. At the time of their injuries, Sophia and Regina

Openshaw were rightfully and properly walking on a pedestrian walkway. Plaintiff Lily

Openshaw was with her daughters walking on the very same pedestrian walkway, within several

feet.  As a matter of law, Plaintiff Lily Openshaw could under no conceivable set of

circumstances have been negligent in supervising or caring for her children.

### Response to Specific Allegations By Numbered Paragraph

The Counterclaim fails to state a cause of action against Plaintiff Lily Openshaw and

should be dismissed.

1.      To the extent that paragraph 1 merely recites what is contained in Plaintiffs'

Complaint herein, that is a legal document the terms of which speak for themselves and for

which no response is required.  To the extent a response is required, Plaintiff admits that the

lawsuit was filed and that negligence claims were asserted, but denies the remainder of the

allegations in paragraph 1 as phrased.

2.      Plaintiff Lily Openshaw denies the allegations contained in paragraph 2.

3.      Plaintiff Lily Openshaw denies the allegations contained in paragraph 3.

4.      Plaintiff Lily Openshaw denies the allegations contained in paragraph 4.

5.      Plaintiff Lily Openshaw denies the allegations contained in paragraph 5.

### First Affirmative Defense

The Counterclaim fails to state claims for which relief can be granted.

### Second Affirmative Defense

The claims are barred by the doctrine of assumption of risk.

### Third Affirmative Defense

The claims are barred by the doctrine of contributory negligence.

### Fourth Affirmative Defense

The claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

The claims are barred by the doctrine of *in pari delicto*.

### Sixth Affirmative Defense

The claims are barred by the doctrines of promissory and equitable estoppel.

### Seventh Affirmative Defense

The claims are barred by the doctrine of fraud.

### Eighth Affirmative Defense

The claims are barred by the doctrine of parental immunity.

### Ninth Affirmative Defense

The claims are barred by the doctrine of laches.

### Tenth Affirmative Defense

The claims are barred by the doctrine of illegality.

### Eleventh Affirmative Defense

The claims are barred because CESI comes to this Court with unclean hands.

### Twelfth Affirmative Defense

The claims are barred because CESI has failed to join necessary and indispensable

parties.

### Thirteenth Affirmative Defense

The claims are barred because any alleged damages suffered by CESI were caused solely

by its own (i.e., CESI's) acts or omissions and/or the acts or omissions of third parties.

### Fourteenth Affirmative Defense

The claims are barred by the statute of limitations.

## Fifteenth Affirmative Defense

The claims are barred because any negligence by this Plaintiff is not imputable to either of the injured minors.

## Sixteenth Affirmative Defense

The claims are barred to the extent they exceed the amount of medical expenses sought by this Plaintiff.

## Seventeenth Affirmative Defense

CESI lacks standing to bring the Counterclaim.

## Eighteenth Affirmative Defense

CESI lacks the capacity to bring the Counterclaim.

## Right to Amend Answer

Plaintiff Lily Openshaw expressly reserves the right to file an amended Answer including such additional defenses as may be discovered during the pendency of this action and as discovery proceeds.

## Relief Sought

WHEREFORE having fully answered the Counterclaim lodged against her, Plaintiff Lily Openshaw requests that the Court dismiss the Counterclaim with prejudice.  Alternatively, Plaintiff Lily Openshaw requests that the Court enter judgment in her favor and against Defendant/Counter-Plaintiff CESI.  Additionally, Plaintiff Lily Openshaw seeks attorney's fees

and costs, as well as such other relief as the Court may deem just and proper under the

circumstances of this case.


Respectfully submitted,

LILY OPENSHAW


By:      _____*Peter C. Grenier /s/*_____
         Peter C. Grenier
         BODE & GRENIER, LLP
         1150 Connecticut Avenue, N.W.
         Ninth Floor
         Washington, D.C. 20036
         (202) 828-4100
         *Counsel for Plaintiffs/Counter-Defendant*


DATED:   December 15, 2006

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of December, 2006 I served a true and correct copy of the foregoing ANSWER TO DEFENDANT CONSOLIDATED ENGINEERING SERVICES, INC.'S COUNTERCLAIM by electronic case filing and U.S. Mail, postage-prepaid upon:

William J. Hickey, Esquire
33 Wood Lane
Rockville, MD  20850
*Counsel for Defendant/Counter-Plaintiffs CESI*

Diane M. Sullivan, Esquire
Assistant U.S. Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C.  20530
*Counsel for the United States of America*


                              _____*Peter C. Grenier /s/*_____
                                       Peter C. Grenier