IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID OPENSHAW, et al. | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 06-1884(RWR) |
|  | ) |
| THE UNITED STATES OF AMERICA, et al. | ) |
|  | ) |
| Defendants. | ) |

**FEDERAL DEFENDANT'S ANSWER**

**FIRST DEFENSE**

The complaint fails to state a claim against the United States.

**SECOND DEFENSE**

The Complaint against the United States should be dismissed for lack of jurisdiction because Plaintiffs failed to timely file a complaint within six months after the date of mailing in accordance with 28 U.S.C. §2401(b).

**THIRD DEFENSE**

Plaintiffs' Complaint against the Defendant United States should be dismissed because any and all damages sustained were due to Plaintiffs' own fault, contributory negligence, and/or assumption of the risk.

**FOURTH DEFENSE**

To the extent that Plaintiffs' may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately cause by the intervening, joint, and/or

superceding acts and/or omissions of persons or entities other than an employee or agency of the United States and were not caused by any acts and/or omission of any employee or entity of the United States.

## FIFTH DEFENSE

Plaintiffs' claim for damages is limited to the total sum certain amounts presented in the administrative complaint as follows:  Sophia Openshaw - $200,000; Regina Openshaw - $50,000; Lily Openshaw - $17,640; David Openshaw - $17,640.

## SIXTH DEFENSE

The Defendant United States herein incorporates by reference, as if fully stated, all of the defenses previously stated and answers the unnumbered and numbered paragraphs of the Plaintiffs' complaint as follows:

The first unnumbered paragraph entitled Complaint for Money Damages is Plaintiffs' characterization of this suit to which no response is required.  To the extent an answer is deemed required, the Federal Defendant admits that Plaintiffs filed a suit for money damages against the named Defendant, but denies that they are entitled to money damages or to any damages whatsoever.

The second unnumbered paragraph is denied.

1.   Denied.

2.   This paragraph sets forth the jurisdictional allegations as to Defendant Consolidated Engineering Services,

2

Inc., not averments of fact to which an answer is required. To the extent that a response is deemed necessary, they are denied.

3. Denied.

4. This paragraph sets forth the jurisdictional allegations as to Defendant Consolidated Engineering Services, Inc., not averments of fact to which an answer is required. To the extent that a response is deemed necessary, they are denied.

5. This paragraph sets forth the jurisdictional allegations, not averments of fact to which an answer is required. To the extent that a response is deemed necessary, the Federal Defendant admits that venue would be proper if the Court had jurisdiction.

6. The Federal Defendant presently lacks sufficient information to admit or deny the allegations of paragraph 6. To the extent that a response is deemed necessary, they are denied.

7. The Federal Defendant admits the allegations of paragraph 7.

8. The Federal Defendant lacks sufficient information to admit or deny the allegations of paragraph 8. To the extent that a response is deemed necessary, they are denied, except to admit that Consolidated Engineering Services, Inc. (CESI) has offices in Arlington, Virginia.

9. Federal Defendant lacks sufficient information to admit or deny the allegations of paragraph 9. To the extent that a response is deemed necessary, they are denied.

10.  The Federal Defendant presently lacks sufficient information to admit or deny the allegations of paragraph 10. To the extent that a response is deemed necessary, they are denied.

11.  The Federal Defendant presently lacks sufficient information to admit or deny the allegations of paragraph 11. To the extent that a response is deemed necessary, they are denied.

12.  The Federal Defendant admits that GSA entered into a contract with CESI for the maintenance and repair of the Heating, Operation, and Transmission District Steam Distribution System. The Federal Defendant presently lacks sufficient information to admit or deny the remaining allegations of paragraph 12.

13.  Admitted.

14.  Federal Defendant's answers to paragraphs 1-13 are hereby incorporated by reference as if set forth fully herein.

15.  This paragraph consists of conclusions of law to which no response is required.  To the extent an answer is deemed necessary, they are denied.  The Federal Defendant specifically denies that it breached any duty owed to the Plaintiffs as alleged and denies that <u>res ipsa loquitor</u> applies.

16.  Denied.

17.  Denied.

The WHEREFORE clause following paragraph 17 contains Plaintiffs' prayer for relief.  The Federal Defendant denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

18. The Federal Defendant's answers to paragraphs 1-13 are hereby incorporated by reference as if set forth fully herein.

19. Denied.

20. Denied.

21. Denied.

The WHEREFORE clause following paragraph 21 contains Plaintiffs' prayer for relief. The Federal Defendant denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

22. The Federal Defendant's answers to paragraphs 1-13 are hereby incorporated by reference as if set forth fully herein.

23. The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant. To the extent any allegation of paragraph 23 refers, relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

24. The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant. To the extent any allegation of paragraph 24 refers, relates or implies any act or omission on the part of the Federal Defendant, any such allegation is denied.

25. The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant. To the extent any allegation of paragraph 25 refers,

relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

26. The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant. To the extent any allegation of paragraph 26 refers, relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

The WHEREFORE clause following paragraph 26 contains Plaintiffs' prayer for relief against Defendant Consolidated Engineering Services, Inc., to which no answer is necessary, but to the extent that an answer may be deemed necessary, the Defendant denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

27. The Federal Defendant incorporated herein by reference the answers to paragraph 1-13 above.

28. The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant. To the extent any allegation of paragraph 28 refers, relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

29. The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant. To the extent any allegation of paragraph 29 refers, relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

30.  The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant.  To the extent any allegation of paragraph 30 refers, relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

31.  The allegations of this paragraph do not pertain to the Federal Defendant and thus need not be answered by this Defendant.  To the extent any allegation of paragraph 31 refers, relates or implies any act or omission on the part of the Federal Defendant, such allegation is denied.

The WHEREFORE clause following paragraph 31 contains Plaintiffs' prayer for relief against Defendant Consolidated Engineering Services, Inc., to which no answer is necessary, but to the extent that an answer may be deemed necessary, the Federal Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

32.  The Federal Defendant's answers to paragraphs 1-13 are hereby incorporated by reference as if set forth fully herein.

33.  This paragraph presents conclusions of law to which no response is required.  To the extent an answer is deemed necessary, the Federal Defendant denies the allegations of paragraph 33.

34.  This paragraph presents conclusions of law to which no response is required.  To the extent an answer is deemed

7

necessary, the Federal Defendant denies the allegations of paragraph 34.

    35.   Denied.

    36.   Denied.

    37.   Denied.

The WHEREFORE clause following paragraph 37 contains Plaintiffs' prayer for relief. The Federal Defendant denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

    38.   Federal Defendant's answers to paragraphs 1-13 are hereby incorporated herein by reference as if set forth fully herein.

    39.   This paragraph presents conclusions of law to which no response is required. To the extent an answer is deemed necessary, the Federal Defendant denies the allegations of paragraph 39.

    40.   Denied.

    41.   Denied.

    42.   Denied.

    43.   Denied.

The WHEREFORE clause following paragraph 43 contains Plaintiffs' prayer for relief. The Federal Defendant denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

The Federal Defendant hereby specifically denies each allegation of the Plaintiffs' complaint not otherwise admitted.

WHEREFORE, the Defendant United States prays that the action be dismissed and that the Court grant such other relief as it deems appropriate.

                              Respectfully submitted,

                              __/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              __/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              __/s/_____
                              DIANE M. SULLIVAN, D. C. BAR # 12765
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 Fourth Street, N.W.
                              Room E4919
                              Washington, D.C. 20530
                              (202) 514-7205


OF COUNSEL:
Paula J. DeMuth
Deputy Regional Counsel
General Services Administration
7th & D Streets S.W.
Washington, D.C.  20407
(202) 708-9870