THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OPENSHAW, *et al.* : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.  06-cv-1884 (CKK) |
| : | |
| THE UNITED STATES : | |
| OF AMERICA : | |
| : | |
| Defendant : | |
| : | |
| CONSOLIDATED ENGINEERING : | |
| SERVICES, INC., et al. : | |
| : | |
| Defendant and : | |
| Third-Party Plaintiff : | |
| : | |
| v. : | |
| : | |
| DAY & ZIMMERMANN : | |
| SERVICES, INC. : | |
| : | |
| Third-Party Defendant : | |

## MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT

COMES NOW Defendant Consolidated Engineering Services, Inc. ("CESI"), by and through counsel, pursuant to Federal Rule of Civil Procedure 14(a) and moves for leave to file the attached Third-Party Complaint against Day & Zimmerman Services, Inc. ("D&Z"). In support thereof, Defendant CESI states as follows:

1. On or about June 19, 2006, Plaintiffs filed their Complaint in the above-captioned case.

2. To date, no written discovery has been propounded by any party. Nor have any depositions been scheduled.

3.      Defendant CESI, upon information and belief, asserts that Day & Zimmerman was the contracting party with GSA responsible for the inspection, maintenance and repair of the Steam Distribution Complex ("SDC") and held this responsibility up until nine months before the incident complained of in Plaintiffs' Complaint.  Upon information and belief, the alleged problem was known to both GSA and Day & Zimmerman during the time the Day & Zimmerman had the responsibility to inspect, maintain and repair the SDC and/or fix, repair, warn or cure the problem.  Upon information and belief, a contract or other agreement assumed by Day & Zimmerman may impose responsibility or liability for any neglect, fault, breach or other consequence upon Day & Zimmerman that resulted within the limited time period following the novation to the contract which substituted CESI for Day & Zimmerman.

4.      On or about December 20, 2006, Defendant CESI filed a Notice of Related Cases, notifying the Court of a similar dispute captioned *Hsieh, et al. v. Consolidated Engineering Services,, Inc., et al.*, Case No. 1:06-cv-01218-CKK).  This related case involves two (2) of the same defendants involved in the instant case, CESI and USA, as well as allegations regarding the SDC and its alleged causation of plaintiffs' injuries, also at issue in the instant case.

5.      Consequently, Defendant CESI is filing contemporaneously with the instant motion, a similar Motion for Leave to File Third Party Complaint against D&Z in *Hsieh*, as well as a Motion to Consolidate the Scheduling Order in *Hsieh* with the Scheduling Order in *Openshaw*.  The Scheduling Order in *Openshaw* has not yet been issued.  This action will allow D&Z an opportunity to be brought into both cases, as well as preclude the necessity of the parties performing duplicative discovery tasks.  This remedy would further prevent the wasting of judicial resources it would have to incur if managing separate scheduling orders with obviously similar cases, issues and parties.

6. Due to the early stage of the discovery process, and the fact that no Scheduling Order has been issued in this case, no party would be unduly prejudiced by the relief requested.

7. Undersigned counsel hereby certifies that plaintiffs' counsel, Peter Grenier, Esq. was contacted via electronic mail on January 4, 2007 seeking his consent for the instant Motion. To date, Mr. Grenier has not responded to said correspondence. In addition, Defendant CESI had the initial consent of Defendant United States of America ("USA"), to file the instant Motion. However, counsel for USA withdrew consent via electronic correspondence on January 12, 2007.

WHEREFORE, Defendant CESI respectfully requests the Court grant the proposed Order appended hereto enabling Defendant CESI to file the attached Third Party Complaint against Day & Zimmerman Services, Inc.

>                        Respectfully submitted,
>                        Law Offices of William J. Hickey
>
>
>                               /s/ William J. Hickey
>                        William J. Hickey, Esquire
>                        33 Wood Lane
>                        Rockville, Maryland  20850
>                        301-424-6300
>                        Counsel for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2007, copies of the foregoing were submitted via electronic filing and mailed, postage prepaid to the foregoing:

Peter Grenier, Esq.
Douglas E. Fierberg, Esq.
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

                                                   /s/ William J. Hickey
                                           William John Hickey

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA

| | | |
|---|---|---|
| DAVID OPENSHAW, *et al.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.  06-cv-1884 (CKK) |
| | : | |
| THE UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant | : | |
| | : | |
| CONSOLIDATED ENGINEERING SERVICES, INC., et al. | : | |
| | : | |
| Defendant and Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAY & ZIMMERMANN SERVICES, INC. Serve: The Corporation Trust, Inc. 300 E. Lombard Street Baltimore, MD 21202 | : | |
| | : | |
| Third-Party Defendant | : | |

## DEFENDANT/THIRD-PARTY PLAINTIFF CONSOLIDATED ENGINEERING SERVICES, INC.'S THIRD-PARTY COMPLAINT

COMES NOW Defendant and Third-Party Plaintiff Consolidated Engineering Services, Inc.("CESI"), by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, pursuant to Federal Rule of Civil Procedure 14(a), and files its Third-Party Complaint against Third-Party Defendant Day & Zimmermann Services, Inc. ("D&Z").  In support thereof, CESI states as follows:

1. CESI has been sued by Plaintiffs alleging negligence relating to an accident, which occurred on or about April 22, 2005, involving the alleged emission of steam, or other unidentified vapor, from the Steam Distribution Complex ("SDC"), through a grate at or near 10th Street, NW, between Pennsylvania Avenue and Constitution Avenue, in the District of Columbia. Said steam or vapor allegedly resulted in injuries to the Plaintiffs.

2. CESI obtained a contract, from D&Z, for the repair and maintenance of the SDC on or about August 31, 2004 or less than nine (9) months prior to the occurrence that is the subject of this litigation. D&Z contracted with The General Services Administration ("GSA") to provide said maintenance and repair services prior to CESI assuming said contract.

3. CESI denies all allegations of liability, and states that its investigation has revealed that it was the negligent acts and/or omissions of D&Z individually, and/or by and through its agents, servants, subcontractors, and/or employees, particularly in conjunction with the negligent acts and/or omissions of GSA and/or Defendant United States of America ("USA"), that proximately caused the injuries and damages claimed by Plaintiffs.

4. On the occasion which is the subject of this lawsuit, D&Z owed a duty of care to Plaintiffs and was negligent in the following respects:

    a. D&Z was aware of problems of water leaking into the SDC at the location of the accident that is the subject of this litigation, for at least one year prior to said accident.

    b. D&Z failed to repair and/or follow up on the existence of the water leakage problem at this location prior to the time CESI obtained the contract for the repair and maintenance of the SDC.

  c.  D&Z was negligent in its responsibility to maintain and repair the SDC as dictated by the terms of its contract with GSA to provide said services prior to the date that CESI assumed the responsibility for the repair and maintenance of the SDC.

  d.  Such negligent actions stated in paragraphs (a) through (c) above, on the part of D&Z were the direct and proximate cause of the injuries set forth by Plaintiffs in their Complaint

WHEREFORE, Defendant and Third-Party Plaintiff CESI prays that the Court enter judgment against Third-Party Defendant D&Z:

  a.  for all sums that may be adjudged against Defendant CESI in favor of the Plaintiffs on theories of indemnification and/or contribution,

  b.  for an award of any or all attorney fees incurred by Defendant CESI with this suit, as may be permitted by law; and/or expressly provided by contract and

  c.  for such other relief as this Court deems just and proper.

                CONSOLIDATED ENGINEERING
                 SERVICES, INC.


                 /s/ William J. Hickey
                William John Hickey, Bar No: 928945
                Counsel for the Defendant CESI
                33 Wood Lane
                Rockville, Maryland 20850
                301-424-6300

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 12th day of January, 2007, I mailed, postage prepaid to the foregoing:

Peter Grenier, Esq.
Douglas E. Fierberg, Esq.
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

                                                                /s/ William J. Hickey
                                                               William John Hickey

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID OPENSHAW, *et al.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.  06-cv-1884 (CKK) |
| | : | |
| THE UNITED STATES | : | |
| OF AMERICA | : | |
| | : | |
| Defendant | : | |
| | : | |
| CONSOLIDATED ENGINEERING | : | |
| SERVICES, INC., et al. | : | |
| | : | |
| Defendant and | : | |
| Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAY & ZIMMERMANN | : | |
| SERVICES, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

## **ORDER**

UPON CONSIDERATION of Defendant Consolidate Engineering Services, Inc.'s ("CESI") Motion for Leave to File Third Party Complaint ("Motion"), any opposition thereto, and good cause having been shown, it is by the United States District Court for the District of Columbia this _____ day of _____ 2007 hereby

ORDERED that Defendant CESI's Motion is hereby GRANTED, and it is further

ORDERED that Defendant CESI may file its Third Party Complaint against Day & Zimmerman forthwith.

                                                         _____
                                                         United States District Court Judge
                                                         for the District of Columbia

Copies to:

William John Hickey, Esq.
33 Wood Lane
Rockville, Maryland 20850

Peter Grenier, Esq.
Douglas E. Fierberg, Esq.
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530