**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **DAVID OPENSHAW, et al.** | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) Civil Action No. |
| v. | ) 06-cv-1884(CKK) |
|  | ) |
| **CONSOLIDATED ENGINEERING SERVICES, INC., et al.** | ) |
|  | ) |
| Defendants. | ) |

---

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs, by and through counsel, hereby move this Court for leave to amend the instant

Complaint.  An original of the proposed First Amended Complaint is appended hereto as

Attachment A, per Local Rules 7(i) and 15.1.  As discussed herein, Defendant Consolidated

Engineering Services, Inc. ("CESI") hid from Plaintiffs the fact of a related case, by failing to

file the required Notice of Related Case; had CESI complied with the rules, Plaintiffs would have

learned of facts supporting additional claims, and would have sought to amend their complaint

sooner.  In support thereof, Plaintiffs state as follows:

1.   Plaintiffs filed the instant Complaint on November 3, 2006, against

CESI and the United States of America.

2.   The current counts in the Complaint arise out of personal injuries

sustained by Sophia Openshaw and Regina Openshaw on April 22, 2005, when the girls were

severely burned as a result of the negligent and reckless operation, maintenance and/or repair of an

underground steam structure located on property owned and controlled by the United States of America, the General Services Administration, and CESI.

3.   As a result of CESI's recently filed "Notice of Related Cases,[1]" as well as independent research conducted by Plaintiffs, it is now clear that supplementary facts support additional claims against CESI, as well as punitive damages, requiring Plaintiffs to amend their original Complaint with respect to CESI.

4.   At least seven months prior to April 22, 2005, the date of injury to Sophia and Regina Openshaw, CESI had notice and knowledge that the underground steam distribution complex that caused injuries and burns to Sophia and Regina Openshaw was not properly functioning, could cause serious injuries and burns to pedestrians, and had in fact caused serious injuries and burns to other pedestrians.  Despite this notice and knowledge, CESI took no action to ensure the safety of pedestrians, including Sophia and Regina Openshaw, walking above the steam distribution complex.

5.   Based on this new information, as well as other facts detailed further in Plaintiffs' First Amended Complaint, Plaintiffs seek leave to amend the Complaint to supplement the current claims against CESI to include additional claims for public nuisance and punitive damages.

6.   Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  FED. R. CIV. P. 15(a).

7.   Once a responsive pleading is served, however, a plaintiff may amend the

---

[1] Defendant CESI filed a "Notice of Related Cases" on December 20, 2006.  The filed Notice is appended to this Motion as Attachment B.

complaint only by leave of the Court or by written consent of the adverse party.  FED. R. CIV. P. 15(a).

8.  The grant or denial of leave lies in the sound discretion of the district court.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

9.  The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires."  *Id*.; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).  Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue justice, or repeated failure to cure deficiencies by previous amendments.  *Id.; Caribbean Broad Sys.*, 148 F.3d at 1083.

10. Plaintiffs' motion here is not unduly tardy.

11. Plaintiffs have filed this motion within weeks of learning about facts upon which to base additional claims and within weeks of receiving CESI's Notice of Related Cases, filed December 20, 2006.

12. Additionally, because discovery has not yet begun and a scheduling conference has not been held, CESI will not and cannot be prejudiced.

13. Further, the amendments made by Plaintiffs in the attached First Amended Complaint are not futile.

14. Plaintiffs have not, heretofore, sought leave to amend the Complaint.

15. Manifest injustice is more likely to be prevented and more just

adjudication on the merits achieved if the requested amendment is permitted.

16. Because Plaintiffs filed their Motion For Leave To File First Amended Complaint upon learning of their new claims and because the parties will still have ample time to conduct discovery on all claims, this Court should grant the Motion For Leave To File First Amended Complaint.

WHEREFORE, Plaintiffs pray that the motion be granted. A draft Order is appended as Attachment C.

In further support of this motion, Plaintiffs refer the Court to Plaintiffs' Memorandum of Points and Authorities in Support of Motion For Leave To File First Amended Complaint, also filed with this Motion and incorporated herein by reference.

Respectfully submitted,

By:    Peter C. Grenier /s/
       Peter C. Grenier (D.C. Bar # 418570)
       BODE & GRENIER, L.L.P.
       1150 Connecticut Avenue, N.W.
       Ninth Floor
       Washington, D.C. 20036
       (202) 828-4100 (telephone)
       (202) 828-4130 (facsimile)
       Counsel for Plaintiffs

LCvR 7(m) Certification

Counsel for Plaintiffs discussed this motion with opposing counsel for CESI. CESI does not consent to the instant motion. Counsel for Plaintiffs discussed this motion with opposing counsel for the United States. The United States has no objection to the instant motion.

Peter C. Grenier /s/
Peter C. Grenier

Dated: January 12, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID OPENSHAW, et al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 06-CV-1884(CKK) |
| ) | |
| **CONSOLIDATED ENGINEERING SERVICES, INC., et al.** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

1.    FED. R. CIV. P. 15.

2.    *Foman v. Davis*, 371 U.S. 178 (1962).

3.    *Firestone v. Firestone*, 76. F.3d 1205 (D.C. Cir. 1996).

4.    *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080 (D.C. Cir. 1998).

5.    The record herein.

6.    The inherent power of this Court.

                                        Respectfully submitted,

                              By:    Peter C. Grenier /s/
                                     Peter C. Grenier (D.C. Bar # 418570)
                                     BODE & GRENIER, L.L.P.
                                     1150 Connecticut Avenue, N.W.
                                     Ninth Floor
                                     Washington, D.C. 20036
                                     (202) 828-4100 (telephone)
                                     (202) 828-4130 (facsimile)
                                     Counsel for Plaintiffs

Dated: January 12, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2007 I served a true and correct copy of the foregoing MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT by electronic case filing upon:

> William J. Hickey, Esquire
> 33 Wood Lane
> Rockville, MD  20850
> *Counsel for Defendant/Counter-Plaintiffs CESI*

> Diane M. Sullivan, Esquire
> Assistant U.S. Attorney
> 555 Fourth Street, N.W.
> Room E4919
> Washington, D.C.  20530
> *Counsel for the United States of America*


_____*Peter C. Grenier /s/*_____
                  Peter C. Grenier

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID OPENSHAW AND LILY OPENSHAW )<br>    **Individually and as Guardians of** )<br>SOPHIA OPENSHAW AND REGINA OPENSHAW, Minors )<br>   )<br>    **Plaintiffs,** )<br>   )<br>    **v.** )<br>   )<br>CONSOLIDATED ENGINEERING SERVICES, INC., et al. )<br>   )<br>    **Defendants.** )<br>   ) | **Civil Action No.**<br>**06-CV-1884(CKK)** |

**FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs David Openshaw and Lily Openshaw, individually and as Guardians

of Sophia and Regina Openshaw, Minors, by counsel, and for their First Amended Complaint

against Defendants The United States of America and Consolidated Engineering Services, Inc.,

respectfully state as follows:

**Nature of Case**

This is an action for damages arising out of personal injuries sustained by Sophia Openshaw

and Regina Openshaw on April 22, 2005, when the girls were severely burned as a result of the

negligent, outrageous, and reckless operation, maintenance and/or repair of an underground steam

distribution complex located on property owned and/or controlled by the United States of America,

the General Services Administration, and Consolidated Engineering Services, Inc.

**Jurisdiction and Venue**

1.    The Court's personal jurisdiction over The United States of America is manifest,

and the United States has waived sovereign immunity pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 2671 (2006) *et seq.* and 28 U.S.C. § 1346(b) (2006).

2.     The Court has personal jurisdiction over Defendant Consolidated Engineering

Services, Inc. (hereinafter sometimes referred to as "CESI") pursuant to D.C. Code § 13-

423(a)(2006) in that CESI regularly transacts business in the District of Columbia and caused

tortious injury in the District of Columbia by an act or omission in the District of Columbia.

3.     This Court has subject matter jurisdiction over the claims asserted against the United

States pursuant to 28 U.S.C. § 1346(b) (2006).

4.     The Court has subject matter jurisdiction over the claims against CESI pursuant to 28

U.S.C. § 1367(a) (2006).  In addition, the Court also has subject matter jurisdiction over Plaintiff's

claims against CESI pursuant to 28 U.S.C. § 1332(a)(2006) in that the parties are of diverse

citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) (2006), as the acts

and omissions complained of occurred in the District of Columbia.

## Parties

6.     Plaintiffs David Openshaw and Lily Openshaw are now, and at all relevant times

have been, adult residents of the State of Maryland, residing at 10 Wainwright Avenue, Annapolis,

Maryland, 21403, and are the natural parents and guardians of Sophia and Regina Openshaw, ages

12 and 7, respectively, at the time of the incident.

7.     The United States General Services Administration ("GSA") is an executive

agency of the United States government, and a "federal agency" within the meaning of 28 U.S.C.

§ 2671.

8.     CESI is a Virginia corporation with offices located at 320 23rd Street, Suite 100,

2

Arlington, Virginia, 22202.  CESI is registered to do business in Washington, D.C. and has a

registered agent at 1090 Vermont Avenue, N.W., Washington, D.C., 20005.  Upon information

and belief, CESI is in the business of maintaining and repairing underground steam structures.

### Facts

9.      On or about April 22, 2005, Plaintiff Lily Openshaw and her daughters, Sophia

and Regina, visitors to Washington, D.C., were walking on the sidewalk on the east side of 10th

Street, N.W., between Pennsylvania Avenue and Constitution Avenue, when a gout of scalding

hot steam escaped from a vent in the sidewalk, severely burning both girls.  The origin of the

steam was an underground steam distribution complex.  Access to the vent in the sidewalk was

neither barricaded nor blocked, and the vent was located on a legal pedestrian walkway.

10.     Sophia sustained painful first and second degree burns to her left ankle and foot,

and Regina sustained severe burns to her leg.  Both girls required extensive medical care and

treatment for which Plaintiffs David and Lily Openshaw incurred considerable expense.

11.     Upon information and belief, the property on which Sophia and Regina

Openshaw were standing when the steam escaped was owned and/or managed by the United

States and GSA.

12.     Effective in or about late August or early September 2004, and up through April

22, 2005, the date of injury to Sophia and Regina Openshaw, Defendant CESI was contractually

responsible for the inspection, maintenance, and repair of the underground steam distribution

complex from which the scalding hot steam escaped onto the sidewalk where Sophia and Regina

Openshaw were burned.

13.     At the same time that Defendant CESI was under contract with GSA to inspect,

maintain, and repair the steam distribution complex, GSA was also responsible for the

inspection, repair, and maintenance of the steam distribution complex from which the scalding

hot steam escaped onto the sidewalk where Sophia and Regina Openshaw were burned.

14.     At least seven months prior to April 22, 2005, the date of injury to Sophia and

Regina Openshaw, GSA and CESI had notice and knowledge that the underground steam

distribution complex that caused injuries and burns to Sophia and Regina Openshaw was not

properly functioning.  On or about September 11, 2004 two other individuals were injured by steam

when they traversed a manhole that was part of the same underground steam distribution complex.

Notice and knowledge that the underground steam distribution complex was not properly

functioning continued throughout the seven months preceding April 22, 2005, up to and including

that date.

15.     At least seven months prior to April 22, 2005, GSA and CESI had notice and

knowledge that the underground steam distribution complex that caused injuries and burns to Sophia

and Regina Openshaw could cause serious injuries and burns to pedestrians walking on the sidewalk

in the area of 10th Street and Pennsylvania Avenue, N.W. above the underground steam distribution

complex.  Notice and knowledge that the underground steam distribution complex could cause

serious injuries and burns to pedestrians on the above sidewalk continued throughout the seven

months preceding April 22, 2005, up to and including that date.

16.     At least seven months prior to April 22, 2005, GSA and CESI had notice and

knowledge that the underground steam distribution complex that caused injuries and burns to Sophia

and Regina Openshaw had previously caused serious injuries and burns to at least one other minor

child.  Notice and knowledge that the underground steam distribution complex had caused serious

injuries and burns to pedestrians on the above sidewalk continued throughout the seven months

preceding April 22, 2005, up to and including that date.

17.    At least as early as September of 2004, CESI began to perform maintenance and repairs to the underground steam distribution complex pursuant to their contract with GSA.

18.    In September of 2004, GSA and CESI had specific notice and knowledge that scalding steam had escaped through a manhole along 10th Street and Pennsylvania Avenue, N.W., above the improperly functioning steam distribution complex.

19.    In September of 2004, GSA and CESI had specific notice and knowledge that the scalding steam that escaped through the manhole along 10th Street and Pennsylvania Avenue, N.W., above the improperly functioning steam distribution complex, had severely burned a three-year-old minor and her father as they walked along the pedestrian walkway.

20.    In September of 2004, GSA specifically requested emergency repair work by CESI to fix the dangerous condition of steam emission at 10th Street and Pennsylvania Avenue, N.W., caused by the underground steam distribution complex.

21.    In addition to actual maintenance and repair work performed by CESI at the request of GSA prior to April 22, 2005, GSA and CESI both had notice and knowledge that the steam distribution complex had major deficiencies along the areas directly beneath the pedestrian walkway along 10th Street, N.W. between Pennsylvania Avenue and Constitution Avenue, N.W., the location of the injuries to Sophia and Regina Openshaw.  GSA had notice and knowledge of the deficiencies as early as May of 2001, and CESI had notice and knowledge of the deficiencies as early as August of 2004.  Notice and knowledge of the deficiencies continued up to and including April 22, 2005.  Despite such notice and knowledge, at no time did either Defendant take any steps to warn the public or reroute pedestrian traffic so as to ensure pedestrian safety, but did recklessly permit such known dangerous conditions to persist.

22.    On September 7, 2005, David and Lily Openshaw presented their claims for medical

5

expenses and the claims of their daughters for personal injuries referenced herein to GSA. GSA

rejected the claims in their entirety by letter dated March 8, 2006, thus finally denying the claims set

forth herein for purposes of 28 U.S.C. § 2675 (2006).

### Count I – The United States of America
### (David and Lily Openshaw, Individually and
### as Guardians of Sophia Openshaw)
### Negligence

23.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully

herein.

24.     As an owner of property in the District of Columbia, Defendant The United States

of America owed a duty to persons lawfully on its property to exercise reasonable care to make

the premises reasonably safe. Defendant breached that duty, and was negligent by, *inter alia*:

a)     failing properly to install, maintain, and/or repair the underground steam structure

underlying its property;

b)     failing properly to prevent the escape of scalding steam from the underground

steam structure underlying its property;

c)     failing properly to protect passersby from the danger of sudden escape of scalding

steam from the underground steam structure underlying its property;

d)     failing properly to select, supervise, monitor, or inspect the contractor engaged to

perform maintenance and repair services on the underground steam structure underlying its

property; and

e)     was otherwise negligent.

f)     Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

25.     As a direct and proximate result of the negligence of Defendant The United States

of America, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

26.    As a direct and proximate result of the negligence of Defendant The United States of America, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America, as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count II – The United States of America**
**(David and Lily Openshaw, Individually and**
**as Guardians of Regina Openshaw)**
**<u>Negligence</u>**

27.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

28.    As an owner of property in the District of Columbia, Defendant The United States of America owed a duty to persons lawfully on its property to exercise reasonable care to make the premises reasonably safe.  Defendant breached that duty, and was negligent by, *inter alia*:

a)    failing properly to install, maintain, and/or repair the underground steam structure underlying its property;

b)    failing properly to prevent the escape of scalding steam from the underground

7

steam structure underlying its property;

   c)     failing properly to protect passersby from the danger of sudden escape of scalding

steam from the underground steam structure underlying its property;

   d)     failing properly to select, supervise, monitor, or inspect the contractor engaged to

perform maintenance and repair services on the underground steam structure underlying its

property; and

   e)     was otherwise negligent.

   f)     Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

   29.    As a direct and proximate result of the negligence of Defendant The United States

of America, Regina Openshaw suffered physical pain, emotional distress, scarring and

disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David

Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained

medical expenses incurred in treatment for their daughters' injuries.

   30.    As a direct and proximate result of the negligence of Defendant The United States

of America, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in

an amount not less than $85,000.00, which will be proven at trial.

   WHEREFORE, Plaintiffs demand judgment against Defendant The United States of

America, as follows:  (1) compensatory damages in the amount of not less than $85,000.00,

which amount will be proven at trial; (2) payment of all costs associated with this action; (3)

post-judgment interest as permitted by law; and (4) such other and further relief as this Court

deems proper.

### Count III – CESI
### (David and Lily Openshaw, Individually and
### as Guardians of Sophia Openshaw)

8

## Negligence

31.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

32.     Defendant CESI owed a duty to prevent injury arising from events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

33.     Defendant CESI breached that duty, and was negligent in, *inter alia*:

a)     failing properly to install, maintain, and/or repair the underground steam structure referenced herein;

b)     failing properly to prevent the escape of scalding steam from the underground steam structure referenced herein;

c)     failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure referenced herein; and

d)     was otherwise negligent.

e)     Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

34.     As a direct and proximate result of the negligence of Defendant CESI, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

35.     As a direct and proximate result of the negligence of Defendant CESI, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

9

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows: (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### Count IV – CESI
### (David and Lily Openshaw, Individually and
### as Guardians of Regina Openshaw)
### <u>Negligence</u>

36.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

37.    Defendant CESI owed a duty to prevent injury arising from events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

38.    Defendant CESI breached that duty, and was negligent in, *inter alia*:

a)    failing properly to install, maintain, and/or repair the underground steam structure referenced herein;

b)    failing properly to prevent the escape of scalding steam from the underground steam structure referenced herein;

c)    failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure referenced herein; and

d)    was otherwise negligent.

e)    Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

39.    As a direct and proximate result of the negligence of Defendant CESI, Regina

Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

40.     As a direct and proximate result of the negligence of Defendant CESI, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count V – All Defendants**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**<u>Negligence *Per Se*</u>**

41.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

42.     Defendants owed the public generally, and Plaintiffs specifically, statutory duties regarding the property owned and/or managed by them.  Those duties arose from, *inter alia*, D.C. Mun. Regs. tit. 24, § 2001.4 (2004) which prohibits any person who occupies, places, leaves, or causes to be placed or left on any public space any obstruction that is dangerous to life and limb, without protecting and guarding that public space.

43.     The aforementioned statute promotes public safety, and was enacted to protect

persons in Plaintiffs' position, and to prevent the type of incident described above. Such statute therefore set forth duties with which Defendants were required to comply.

44.    Defendants breached those duties and were negligent *per se* by failing to protect or guard the underground steam structure vent and/or protect or guard against the escape of scalding steam from the unprotected obstruction on the public sidewalk.

45.    As a direct and proximate result of the negligence of Defendants, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

46.    As a direct and proximate result of the negligence of Defendants, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants The United States of America and Consolidated Engineering Services, Inc., jointly and severally, as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### Count VI – All Defendants
### (David and Lily Openshaw, Individually and
### as Guardians of Regina Openshaw)
### Negligence *Per Se*

47.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

48.     Defendants owed the public generally, and Plaintiffs specifically, statutory duties regarding the property owned and/or managed by them.  Those duties arose from, *inter alia*, D.C. Mun. Regs. tit. 24, § 2001.4 (2004) which prohibits any person who occupies, places, leaves, or causes to be placed or left on any public space any obstruction that is dangerous to life and limb, without protecting and guarding that public space.

49.     The aforementioned statute promotes public safety, and was enacted to protect persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute therefore set forth duties with which Defendants were required to comply.

50.     Defendants breached those duties and were negligent *per se* by failing to protect or guard the underground steam structure vent and/or protect or guard against the escape of scalding steam from the unprotected obstruction on the public sidewalk.

51.     As a direct and proximate result of the negligence of Defendants, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

52.     As a direct and proximate result of the negligence of Defendants, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants The United States of America and Consolidated Engineering Services, Inc., jointly and severally, as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as

13

permitted by law; and (4) such other and further relief as this Court deems proper.

**Count VII – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**Public Nuisance**

53.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully

herein.

54.     Defendant CESI owed the public generally, and Plaintiffs specifically, statutory

duties regarding the property controlled and/or managed by them.  Those duties arose from, *inter*

*alia*, D.C. Code § 2-106 (2004) which prohibits the operation of any boiler or unfired pressure

vessel at a pressure greater than that permitted by the certificate of inspection, or while feed

pumps, gauges, cocks, valves, or automatic safety-control devices are not in proper working

condition.

55.     The aforementioned statute promotes public safety, and was enacted to protect

persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute

therefore set forth duties with which Defendant CESI was required to comply.

56.     Defendant CESI breached those duties and under, *inter alia*, D.C. Code § 2-113

(2004) committed a public nuisance by operating the underground steam distribution complex

and the associated boilers when feed pumps, gauges, cocks, valves, and/or automatic safety-

control devices were not in proper working condition, in violation of D.C. Code § 2-106 (2004).

57.     By operating the steam distribution complex in direct and willful violation of the

foregoing statutes, Defendant CESI acted in an outrageous and reckless manner and with such

indifference to the consequences as to evince a willful disregard for the health and for the rights

of Sophia Openshaw.

14

58.     As a direct and proximate result of the public nuisance committed by Defendant CESI, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

59.     As a direct and proximate result of the public nuisance committed by Defendant CESI, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

**Count VIII – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Regina Openshaw)**
**Public Nuisance**

60.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully

herein.

61.     Defendant CESI owed the public generally, and Plaintiffs specifically, statutory

duties regarding the property controlled and/or managed by them.  Those duties arose from, *inter*

*alia*, D.C. Code § 2-106 (2004) which prohibits the operation of any boiler or unfired pressure

vessel at a pressure greater than that permitted by the certificate of inspection, or while feed

pumps, gauges, cocks, valves, or automatic safety-control devices are not in proper working

condition.

62.     The aforementioned statute promotes public safety, and was enacted to protect

persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute

therefore set forth duties with which Defendant CESI was required to comply.

63.     Defendant CESI breached those duties and under, *inter alia*, D.C. Code § 2-113

(2004) committed a public nuisance by operating the underground steam distribution complex

and the associated boilers when feed pumps, gauges, cocks, valves, and/or automatic safety-

control devices were not in proper working condition, in violation of D.C. Code § 2-106 (2004).

64.     By operating the steam distribution complex in direct and willful violation of the

foregoing statutes, Defendant CESI acted in an outrageous and reckless manner and with such

indifference to the consequences as to evince a willful disregard for the health and for the rights

of Sophia Openshaw.

65.     As a direct and proximate result of the public nuisance committed by Defendant

16

CESI, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

66.     As a direct and proximate result of the public nuisance committed by Defendant CESI, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America and Consolidated Engineering Services, Inc., jointly and severally, as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

**Count IX – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**<u>Willful Disregard for the Rights of Sophia Openshaw</u>**

67.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

68.     Defendant CESI knew, or should have known, that the underground steam distribution complex that caused injuries to Sophia Openshaw was not properly functioning.

69.     Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex could harm individuals walking on the pedestrian walkways above the underground steam distribution complex.

70.     Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex could and/or would emit harmful and injurious vapors into and onto the pedestrian walkways above the underground steam distribution complex.

71.     Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex had already, prior to April 22, 2005, the date of Sophia Openshaw's injuries, injured and burned at least one other minor individual walking on the pedestrian walkways above the steam distribution complex.

72.     Defendant CESI knew, or should have known, to repair the improperly functioning steam distribution complex.

73.     Defendant CESI knew, or should have known, to block pedestrian access to the vents and/or grates through which harmful and injurious vapors escaped and/or emitted into and onto the pedestrian walkways above the underground steam distribution complex.

74.     Defendant CESI knew, or should have known, that repairing the steam distribution complex and/or blocking pedestrian access to the vents and/or grates above the steam distribution complex would have prevented injuries to individuals such as Sophia Openshaw.

75.     By failing to repair the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

76.     By failing to prevent harmful and injurious vapors from escaping directly into and onto the pedestrian walkway above the underground steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous

18

and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

77.    By failing to at least block access to the pedestrian walkway vents and/or grates through which the harmful and injurious vapors were emitted by the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

78.    As a direct and proximate result of Defendant CESI's outrageous and reckless conduct and willful disregard for Sophia Openshaw's health and rights, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

79.    As a direct and proximate result of Defendant CESI's outrageous and reckless conduct and willful disregard for Sophia Openshaw's health and rights, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

**Count X – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Regina Openshaw)**
**Willful Disregard for the Rights of Regina Openshaw**

80.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully

herein.

81.     Defendant CESI knew, or should have known, that the underground steam

distribution complex that caused injuries to Regina Openshaw was not properly functioning.

82.     Defendant CESI knew, or should have known, that the improperly functioning

steam distribution complex could harm individuals walking on the pedestrian walkways above

the underground steam distribution complex.

83.     Defendant CESI knew, or should have known, that the improperly functioning

steam distribution complex could and/or would emit harmful and injurious vapors into and onto

the pedestrian walkways above the underground steam distribution complex.

84.     Defendant CESI knew, or should have known, that the improperly functioning

steam distribution complex had already, prior to April 22, 2005, the date of Regina Openshaw's

injuries, injured and burned at least one other minor individual walking on the pedestrian

walkways above the steam distribution complex.

85.     Defendant CESI knew, or should have known, to repair the improperly

functioning steam distribution complex.

86.     Defendant CESI knew, or should have known, to block pedestrian access to the

vents and/or grates through which harmful and injurious vapors escaped and/or emitted into and

onto the pedestrian walkways above the underground steam distribution complex.

87.     Defendant CESI knew, or should have known, that repairing the steam

20

distribution complex and/or blocking pedestrian access to the vents and/or grates above the steam distribution complex would have prevented injuries to individuals such as Regina Openshaw.

88.    By failing to repair the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Regina Openshaw.

89.    By failing to prevent harmful and injurious vapors from escaping directly into and onto the pedestrian walkway above the underground steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Regina Openshaw.

90.    By failing to at least block access to the pedestrian walkway vents and/or grates through which the harmful and injurious vapors were emitted by the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Regina Openshaw.

91.    As a direct and proximate result of Defendant CESI's outrageous and reckless misconduct and willful disregard for Regina Openshaw's health and rights, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

92.     As a direct and proximate result of the Defendant CESI's outrageous and reckless misconduct and willful disregard for Regina Openshaw's health and rights, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

Respectfully submitted,

By:     Peter C. Grenier /s/                              
        Peter C. Grenier (D.C. Bar # 418570)
        BODE & GRENIER, L.L.P.
        1150 Connecticut Avenue, N.W.
        Ninth Floor
        Washington, D.C. 20036
        (202) 828-4100 (telephone)
        (202) 828-4130 (facsimile)
        Counsel for Plaintiffs

Dated: January 12, 2007

22

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DAVID OPENSHAW, *et al.*                    :
                                            :
      Plaintiffs,                        :
                                            :
v.                                          :        Case No.  06-cv-1884 (RWR)
                                            :
THE UNITED STATES                           :
OF AMERICA, *et al.*                        :
                                            :
      Defendants.                        :

### <u>NOTICE OF RELATED CASES</u>

Dear Mr. Clerk:

Please take note the undersigned counsel, William J. Hickey and the Law Offices of

William J. Hickey, pursuant to LCvR 40.5 of the Local Rules of the United States District Court

for the District of Columbia, hereby notifies the Court of a related case as follows:

1. The allegations of the Complaint in the instant action concern an alleged emission of

steam from a grate or grates in the District of Columbia allegedly originating from an

underground Steam Distribution Complex ("SDC"), which is a series of pipes that provide a

steam heating system to various federal and other buildings in the District of Columbia.

2. Consolidated Engineering Services, Inc. ("CESI") and The United States of America

("USA") have been named as defendants in another case pending before this Court having the

caption of *Hsieh, et al. v. Consolidated Engineering Services, Inc., et al.,* Case No. Case No:

1:06-cv-01218-CKK ("Hsieh") that contains similar allegations of the emission of steam from

the "SDC".

3.  Since both cases involve alleged common property (SDC),  which is the property of

the United States Government, notice is hereby provided pursuant to LCvR 40.5(a)(3)(i).

CONSOLIDATED ENGINEERING
   SERVICES, INC.


_____/s/ William J. Hickey_____
William J. Hickey, Bar No.:  928945
Counsel for the Defendant CESI
33 Wood Lane
Rockville, MD 20850
301-424-6300

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2006, I mailed, postage prepaid,

and submitted via electronic filing, to the foregoing:

Peter Grenier, Esq.
Douglas E. Fierberg, Esq.
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

Diane M. Sullivan,Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

_____/s/  William J. Hickey_____
William J. Hickey

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| | ) |
| **DAVID OPENSHAW, et al.** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. |
| v. | ) 06-cv-1884(CKK) |
| | ) |
| **CONSOLIDATED ENGINEERING SERVICES, INC., et al.** | ) |
| | ) |
| Defendants. | ) |

_____)

### <u>ORDER</u>

Upon consideration of the Plaintiffs' Motion For Leave To File First Amended

Complaint, it is, by the Court, this _____ day of _____, 2007:

ORDERED:   That the Motion For Leave To File First Amended Complaint be

GRANTED, and it is further,

ORDERED:   That the First Amended Complaint appended to Plaintiffs' Motion For

Leave To File First Amended Complaint be deemed filed and served by mail on the date on

which this Order is entered.

SO ORDERED.


_____
Judge Colleen Kollar-Kotelly



Dated: _____