**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID OPENSHAW, <u>et al</u>. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )Civil Action No. 06-1884(CKK) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| <u>et al</u>. | ) |
| | ) |
| Defendants and | ) |
| Third-Party | ) |
| Defendant. | ) |
| | ) |
| | ) |

**<u>FEDERAL DEFENDANT'S MOTION TO DISMISS,
OR ALTERNATIVELY FOR SUMMARY JUDGMENT</u>**

The United States, pursuant to Rule 12(b)(1) and(6) and Rule 56 of the Federal Rules of Civil Procedure, moves to dismiss plaintiffs' Amended Complaint filed under the Federal Tort Claims Act for lack of jurisdiction and failure to state a claim upon which relief can be granted, or alternatively, that summary judgment be entered in favor of the United States because the undisputed facts disclose that the plaintiffs did not file this action within six months of the final agency denial of their administrative claim as required by 28 U.S.C. § 2401(b).

In support of this motion, the United States submits the attached Memorandum of Points and Authorities, Statement of Material Facts Not in Dispute, and Exhibits 1-3.

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

___/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


Of Counsel:
ELIZABETH HALL
Assistant Regional Counsel
General Services Administration
7th & D Streets S.W.
Washington, D.C. 20407
(202) 708-7877

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
DAVID OPENSHAW, <u>et</u> <u>al</u>.            )
                                )
                    Plaintiffs, )
                                )
     v.                         )Civil Action No. 06-1884(CKK)
                                )
THE UNITED STATES OF AMERICA,   )
<u>et</u> <u>al</u>.                         )
                                )
                Defendants and )
                Third-Party     )
                Defendant.      )
                                )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY FOR SUMMARY JUDGMENT

### Introduction

Plaintiffs bring this action against the United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2672, 1331, <u>et seq</u>.  The Amended Complaint should be dismissed because the plaintiffs failed to file the complaint or amended complaint within six months of the notice of the denial of their claim. 28 U.S.C. § 2401(b).

### Background Facts

The plaintiffs, Mr. David Openshaw, Lily Openshaw, Regina Openshaw, and Sophia Openshaw, assert that Regina and Sophia Openshaw were burned as a result of steam escaping from a vent in the sidewalk on April 22, 2005.  [First Amended Complaint, 9].  Plaintiffs allege the United States was both negligent and

negligent per se in its duties to inspect, repair, and maintain
the steam distribution complex from which the steam escaped.
[First Amended Complaint, ¶ 13].

The General Services Administration ("GSA") received the
administrative tort claims from the plaintiffs with a cover
letter dated August 31, 2005 and postmarked August 31, 2005 (Def.
Ex. 1).  GSA denied the claim in a letter dated March 8, 2006.
(Def. Ex. 2).  The agency's denial letter was sent by certified
mail, return receipt, to Douglas E. Fierberg, Esquire, Bode &
Grenier, LLP, Ninth Floor, 1150 Connecticut Ave., N.W.,
Washington, D.C., 20036.  The mail receipt was signed on March
13, 2006 (Def Ex. 3).  Plaintiffs' original complaint was filed
on November 3, 2006 and its First Amended Complaint was filed on
January 12, 2007 (R. 1., R. 13).

## ARGUMENT

### I.  Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(1), the plaintiff bears the burden of
establishing that the court has subject matter jurisdiction.
District of Columbia Ret. Bd. v. United States, 657 F. Supp. 428,
431 (D.D.C. 1987).  In considering a motion to dismiss for lack
of subject matter jurisdiction, the court accepts as true all
material factual allegations in the complaint. Hohri v. United
States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other

grounds, 482 U.S. 64 (1987).  A court may also consider materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. <u>Herbert v. Nat'l Academy of Sciences</u>, 974 F.2d 192, 197 (D.C. Cir. 1992); <u>Haase v. Sessions</u>, 835 F.2d 902, 906 (D.C. Cir. 1987); <u>Borg-Warner Protective Servs. Corp. v. EEOC</u>, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

The Court may grant a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The Court accepts as true the complaint's factual allegations. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Doe v. United States Dep't of Justice</u>, 753 F.2d 1092, 1102 (D.C. Cir. 1985).  However, the movant is entitled to judgment if there are no allegations in the complaint which, even if proven, would provide a basis for recovery. <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

**II.  <u>Summary Judgment Standard</u>**

Summary judgment is appropriate if a party fails to establish an essential element of his case on which he bears the burden of proof.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323

(1986).  In deciding on a summary judgment motion, the fact-finder must draw inferences from the record in the light most favorable to the non-moving party.  <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Celotex Corp.</u>, 477 U.S. at 330.

There is no genuine issue of material fact if the relevant evidence, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the non-moving party.  <u>Anderson</u>, 477 U.S. at 248; <u>Matsushita Elec. Indus. Co.</u> v. <u>Zenith Radio</u>, 475 U.S. 574, 587 (1986).  Mere allegations or denials in the non-moving parties' pleadings are insufficient to defeat an otherwise proper motion for summary judgment.  <u>Matsushita</u>, 475 U.S. at 586.  Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted.  <u>Anderson</u>, 477 U.S. at 249-50; <u>see also Aka v. Washington Hospital Center</u>, 156 F.3d 1284, 1294 (D.C. Cir. 1998).  Where the factual context renders his position implausible, the party opposing summary judgment must come forward with strong persuasive evidence to defeat it.  <u>Matsushita</u>, 475 U.S. at 587.

### III.        <u>This Action Should Be Dismissed For Lack of Jurisdiction</u>

Congress, by enacting the FTCA, established a limited waiver of the United States' immunity from suit for the torts of government employees. <u>See</u> 28 U.S.C. §§ 1346(b), 2671-2680.  This waiver of sovereign immunity is strictly construed in favor of the United States and should not be extended beyond the intent of

4

Congress. <u>United States v. Kubrick</u>, 444 U.S. 111, 117 (1979); <u>Soriano v. United States</u>, 352 U.S. 270, 276 (1957); <u>Berkman v. United States</u>, 957 F.2d 108 (4th Cir. 1992). In accordance with 28 U.S.C. §2401(b), "a tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" <u>Kubrick</u>, 444 U.S. at 117, quoting <u>Railroad Telegraphers v. Railway Express Agency</u>, 321 U.S. 342, 349 (1944). The limitations provision of Section 2401(b), "is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." <u>Kubrick</u>, 444 U.S. at 117.

Plaintiffs presented their administrative claims in writing to the GSA on or about August 31, 2005, approximately four months after the date of the incident. These claims were denied in writing on March 8, 2006. Included in the agency's denial letter was the statement: "[I]f you disagree with this determination and

wish to pursue the matter further, <u>you must file suit in the appropriate United States District Court within six months of the date of this letter</u>" (Def. Ex. 2)(emphasis supplied).  This language comports with that required under the FTCA. <u>See</u> 28 C.F.R. §14.9(a); <u>cf</u> <u>Dyniewicz v. United States</u>, 742 F.2d 484, 486 (9th Cir. 1984)(letter did not comport with 28 C.F.R. § 14.9(a)).

The Agency's denial letter was sent by certified mail, return receipt, to Douglas E. Fierberg, Esquire, Bode & Grenier, LLP, Ninth Floor, 1150 Connecticut Ave., N.W., Washington, D.C., 20036.  Mr. Stephan Manler signed for the denial letter on March 13, 2006 (Def Ex. 3).  Mr. Peter C. Grenier of Bode & Grenier, LLP, is plaintiffs' attorney in this lawsuit and filed plaintiffs' original complaint on November 3, 2006 and their First Amended Complaint on January 12, 2007 (R. 1, 13).

Plaintiffs failed to meet the jurisdictional requirements of the FTCA that an action be filed within six months after the date of mailing of the agency's final denial of the claim.  In fact, almost eight months transpired between the date plaintiffs received the agency's denial letter and the date that action was filed in this Court. <u>Dyniewicz</u>, 742 F.2d at 486  (§ 2401(b) establishes two jurisdictional hurdles that must be met, if either requirement is not met, suit will be time barred).  Having so failed to timely file, this court lacks jurisdiction under the

FTCA and this complaint should be dismissed against the United States pursuant to Rule 12(b)(1) and 12(b)(6), F.R.Civ.P.

### IV.   The Statue of Limitations Was Not Tolled Due to Plaintiffs' Minority Status

Two of the plaintiffs, Regina Openshaw and Sophia Openshaw, were minors at the time of the incident and the time the original complaint was filed.  It is well established that the FTCA's statute of limitations is jurisdictional and is not tolled during the plaintiff's minority. See, e.g., McCall v. United States, 310 F.3d 984 (7th Cir. 2002); MacMillan v. United States, 46 F.3d 377 (5th Cir. 1995); Zavala by Ruiz v. United States, 876 F.2d 780 (9th Cir. 1989); Clifford by Clifford v. United States, 738 F.2d 977 (8th Cir. 1984); Leonhard v. United States, 633 F.2d 599 (2nd Cir. 1980); Robbins v. United States, 624 F.2d 971 (10th Cir. 1980).  A minor's parents must bring the minor's claim in a timely fashion since the child's minority status does not toll the running of the statute of limitations under the FTCA. Jastremski v. United States, 737 F.2d 666 (7th Cir. 1984); see also Hohri v. United States, 782 F.2d 221, 245 (statute of limitations under Section 2401(b) is jurisdictional in nature and is not subject to equitable considerations such as waiver and estoppel); Schuler v. Department of State, 628 F.2d 199, 202 (D.C. Cir.1980).

Since the status of two of the plaintiffs as minors does not toll the statute of limitations and the complaint was filed

more than six months after receipt of the agency's denial letter, the case should be dismissed for lack of jurisdiction.

## **Conclusion**

For the foregoing reasons, the federal defendant's motion to dismiss or in the alternative for summary judgment should be granted.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


Of Counsel:
ELIZABETH HALL
Assistant Regional Counsel
General Services Administration
7th & D Streets S.W.
Washington, D.C. 20407
(202) 708-7877

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
DAVID OPENSHAW, et al.        )
                              )
              Plaintiffs,     )
                              )
      v.                      )Civil Action No. 06-1884(CKK)
                              )
THE UNITED STATES OF AMERICA, )
et al.                        )
                              )
              Defendants and )
              Third-Party     )
              Defendant.      )
                              )
_____)
```

## FEDERAL DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

The federal defendant submits the following statement of material facts as to which there is no genuine issue in accordance with Local Rule 7.h:

1.    GSA received plaintiffs' administrative claim on or about August 31, 2005 (Def. Ex. 1).

2.    On March 8, 2006, GSA sent via certified mail, return receipt requested, a final agency denial of plaintiffs' claim to their attorney, Douglas E. Fierberg, Esquire, of Bode & Grenier, LLP, Ninth Floor, 1150 Connecticut Ave., N.W., Washington, D.C., 20036 (Def. Ex. 2).

3.    The return receipt was signed on March 13, 2006 (Def. Ex. 3).

4.    Plaintiffs' original complaint was filed on November 3, 2006 and its First Amended Complaint was filed on January 12,

2007.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


Of Counsel:
ELIZABETH HALL
Assistant Regional Counsel
General Services Administration
7th & D Streets S.W.
Washington, D.C. 20407
(202) 708-7877

2

Exhibit 1

# BODE & GRENIER, LLP
### ATTORNEYS AND COUNSELORS

NINTH FLOOR, CONNECTICUT BUILDING
1150 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-4129
TELEPHONE: 202-828-4100
FACSIMILE: 202-828-4130
www.bode.com

DOUGLAS E. FIERBERG, ESQ.
Direct Dial: 202-862-4322
dfierberg@bode.com

August 31, 2005

**BY CERTIFIED MAIL**
Office of the General Counsel
United States General Services Administration
ATTN: Alan R. Swendiman, Esquire
Room 4140, 1800 F Street, NW
Washington , DC  20405

> Re:   Notice of Claim (Date of Incident: April 22, 2005)
>       Ms. Sophia Openshaw (DOB: February 22, 1993)
>       Ms. Regina Openshaw (DOB: February 25, 1998)
>       Ms. Lily Openshaw (DOB: August 8, 1959)
>       Mr. David Openshaw (DOB: November 18, 1959)

Dear Mr. Swendiman:

Pursuant to 28 U.S.C. § 2675, please accept this letter and the enclosed forms as notice of claim against the United States General Services Administration.

On April 22, 2005, Lily Openshaw was walking with her daughters, Sophia and Regina Openshaw, on the eastern sidewalk of 10th St, NW between Pennsylvania Ave., NW and Constitution Ave., NW in the District of Columbia. This firm represents the Openshaws, including David Openshaw, Lily's husband and the father of Sophia and Regina. Mr. Openshaw was not present at the time and place of the incident. The Openshaws walked on the sidewalk abutting the Department of Justice building, and passed an underground steam structure located on the sidewalk and believed to be owned, operated, and controlled by the United States General Services Administration. As they passed the structure, Sophia and Regina Openshaw were severely burned by invisible, scalding-hot air emanating from the structure. Sophia Openshaw suffered severe burns to her left foot and leg. Regina Openshaw suffered serious burns to her leg. The approximate time of the incident was 4:45 p.m. The place of the events was the eastern sidewalk of 10th St, NW between Pennsylvania Ave., NW and Constitution Ave., NW in the District of Columbia.

The cause and circumstances of the injury or damage are that Sophia Openshaw and Regina Openshaw were burned by invisible, scalding-hot air emanating from an underground steam structure located on the sidewalk. The structure is believed to be owned, operated, and controlled by the United States General Services Administration. There were no warnings posted on or near the steam structure. and no barriers prevented the Openshaws or other members of the public from walking near the structure. The invisible nature of the hot air rendered the hazard unknown and unknowable to the Openshaws until Sophia and Regina were burned. Sophia and Regina Openshaw were severely burned and injured as a result of their



contact with the invisible, scalding-hot air emanating from the structure. Sophia Openshaw went into shock, required immediate hospital treatment, and was diagnosed with second-degree burns. Sophia and Regina Openshaw later required additional medical care and treatment. In addition, Sophia Openshaw was unable to return to school for eight weeks as a result of her injuries. She required home-schooling for those weeks, which commonly costs $39 per hour in the Annapolis, Maryland market. Mr. and Mrs. Openshaw provided for Sophia's and Regina's medical treatment, home schooling, and other related expenses arising from the incident, and will provide for necessary future treatment.

The sidewalk adjacent to the underground steam structure was open to the public and unmarked, despite its hazardous nature. This failure to make the sidewalk safe for pedestrians, close the sidewalk, or mark the sidewalk was in violation of the United States General Services Administration's common-law and statutory duties to pedestrians in general and to the Openshaws in particular. In addition, the dispersal of invisible, scalding-hot air into a public space was in violation of the United States General Services Administration's duties to pedestrians in general and to the Openshaws in particular.

Claims for, *inter alia*, negligence, negligent supervision, and/or negligence per se shall be asserted against the United States General Services Administration on behalf of Sophia and Regina Openshaw, and may also be asserted against other legally culpable parties. Such claims shall be asserted by Sophia and Regina Openshaw either individually or by their parents, David and Lily Openshaw, on Sophia and Regina's behalf. In addition, David and Lily Openshaw will assert a claim for medical care and other costs they incurred in their care of Sophia and Regina Openshaw's injuries.

While Regina Openshaw has completed treatment for her injuries, Sophia Openshaw's condition continues to be monitored, and she will likely require future treatment. Sophia Openshaw's sum certain claim for injuries known and reasonably discoverable as of the date of this letter is $200,000.00. Regina Openshaw's sum certain claim for injuries known and reasonably discoverable as of the date of this letter is $50,000.00. David Openshaw's sum certain claim for injuries known and reasonably discoverable as of the date of this letter is $17,640.00. Lily Openshaw's sum certain claim for injuries known and reasonably discoverable as of the date of this letter is $17,640.00.

Alan R. Swendiman, Esquire
August 31, 2005
Page 3

      If you have any questions, or you would like to discuss this matter, please do not hesitate to contact undersigned counsel, who represents the Openshaws. Please direct all future communications in this matter to this office.

                        Very truly yours,

                        Douglas E. Fierberg

cc:    Ms. Sophia Openshaw
       Ms. Regina Openshaw
       Mr. David Openshaw
       Mrs. Lily Openshaw
DEF/jav
/enclosures

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Office of the General Counsel<br>United States General Services Administration<br>Alan R. Swendiman, Esquire<br>Room 4140, 1800 F Street, NW<br>Washington , DC  20405 | Mrs. Lily Openshaw<br>10 Wainwright Avenue<br>Annapolis, MD 21403 |

| 3. TYPE OF EMPLOYMENT<br>⎔ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>8/8/1959 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>4/22/2006 | 7. TIME (A.M. OR P.M.)<br>4:45 p.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Letter.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State and Zip Code)*

None.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

None.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached Letter.

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| Ms. Regina Openshaw<br>Ms. Sophia Openshaw<br>Several Unidentified Department of Justice<br>Security Guards | | 10 Wainwright Avenue<br>Annapolis, MD 21403<br><br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| None. | $17,640.00 | None. | $17,640.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  *(See 18 U.S.C.A. 287.)* |

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No

None.

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| None. | None. |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts.*)

None.

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☒ No

None.

SF 95 (Rev. 7-85) BACK

**★ U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Office of the General Counsel United States General Services Administration Alan R. Swendiman, Esquire Room 4140, 1800 F Street, NW Washington , DC   20405 | Ms. Regina Openshaw 10 Wainwright Avenue Annapolis, MD 21403 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 2/26/1998 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 4/25/2005 | 7. TIME (A.M. OR P.M) 4:45 p.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Letter.

**9.                                    PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT*(Number, street, city, State, and Zip Code)*

None.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

None.

**10.                              PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached Letter.

**11.                                    WITNESSES**

| NAME | ADDRESS*(Number, street, city, State, and Zip Code)* |
|---|---|
| Ms. Sophia Openshaw Mrs. Lily Openshaw Several Unidentified Department of Justice Security Guards | 10 Wainwright Avenue Annapolis, MD 21403 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM*(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| None. | $50,000.00 | None. | $50,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* *Regina Openshaw* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  *(See 18 U.S.C.A. 287.)* |
|---|---|

| 95-108 Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspects of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| | |
|---|---|
| 15.  Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☒ No | |

None.

| 16.  Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| None. | None. |

18.  If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

None.

19.  Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier *(Number, street, city, State, and Zip Code)* ☒ No

None.

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROROVED** OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| Office of the General Counsel United States General Services Administration Alan R. Swendiman, Esquire Room 4140, 1800 F Street, NW Washington , DC   20405 | Mr. David Openshaw 10 Wainwright Avenue Annapolis, MD 21403 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 12/18/1958 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 4/22/2005 | 7. TIME *(A.M. OR P.M)* 4:45 p.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Letter.

---

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT*(Number, street, city, State, and Zip Code)*

None.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

None.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached Letter.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS*(Number, street, city, State, and Zip Code)* |
|---|---|
| Ms. Regina Openshaw Ms. Sophia Openshaw Mrs. Lily Openshaw Several Unidentified Department of Justice Security Guards | 10 Wainwright Avenue Annapolis, MD 21403 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM*(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE None. | 12b. PERSONAL INJURY $17,640.00 | 12c. WRONGFUL DEATH None. | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* $17,640.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  *(See 18 U.S.C.A. 287.)* |

| 95-108 Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq, 28 U.S.C. 2671 et seq, 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items -- Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any information or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be furnished, upon request, by the office indicated in item #1 on the reverse side. statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No |
|---|
| None . |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| None . | None . |

| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*) |
|---|
| None . |

| 19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☒ No |
|---|
| None . |

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Office of the General Counsel<br>United States General Services Administration<br>Alan R. Swendiman, Esquire<br>Room 4140, 1800 F Street, NW<br>Washington , DC   20405 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br><br>Ms. Sophia Openshaw<br>10 Wainwright Avenue<br>Annapolis, MD 21403 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>2/22/1999 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>8/22/2005 | 7. TIME (A.M. OR P.M)<br>4:45 p.m. |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See attached Letter.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT(Number, street, city, State, and Zip Code)

None.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

None.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached Letter.

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS**(Number, street, city, State, and Zip Code) | |
| Ms. Regina Openshaw<br>Mrs. Lily Openshaw<br>Several Unidentified Department of Justice<br>Security Guards | 10 Wainwright Avenue<br>Annapolis, MD 21403<br><br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM(in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>None. | 12b. PERSONAL INJURY<br>$200,000.00 | 12c. WRONGFUL DEATH<br>None. | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$200,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Sophia Openshaw* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br><br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br><br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.   (See 18 U.S.C.A. 287.) |
|---|---|

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No

None .

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| None . | None . |

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** (*It is necessary that you ascertain these facts*)

None .

**19. Do you carry public liability and property damage insurance?** ☐ Yes, if yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☒ No

None .

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

Exhibit 2



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

March 8, 2006

Douglas E. Fierberg, Esquire
Bode & Grenier, LLP
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, NW
Washington, D.C. 20036-4129

Re:    Administrative Claims of Sophia Openshaw, Regina Openshaw,
       David Openshaw, and Lily Openshaw - WL-T05-38
       Date of Accident: April 22, 2005

Dear Mr. Fierberg:

This responds to your claims in the amounts of: $200,000 for personal injury to
your client, Sophia Openshaw; $50,000 for personal injury to your client, Regina
Openshaw; $17,640 for your client, David Openshaw, father of Sophia and Regina;
and $17,640 for your client, Lily Openshaw, mother of Sophia and Regina. Your
clients, Sophia and Regina Openshaw, allege that they were injured when they
were burned by invisible scalding steam emanating from an underground steam
structure located on the eastern sidewalk of 10th Street NW between Pennsylvania
Avenue and Constitution Avenue in the District of Columbia. For the reason
discussed below, I am denying your claim.

You filed this claim under the Federal Tort Claims Act. The Federal Tort Claims
Act, 28 U.S.C. § 2672, provides for the settlement of claims "caused by the
negligent or wrongful act or omission of any employee of the agency while acting
within the scope of his office or employment, under circumstances where the
United States, if a private person, would be liable to the claimant in accordance
with the law of the place where the act or omission occurred." There is no
evidence that an employee of the General Services Administration was negligent.
Also, maintenance and repair services for the Steam Distribution Complex are
performed by Consolidated Engineering Services, located at 320 23rd Street, Suite
100, Arlington, Virginia 22202.

**U.S. General Services Administration**
301 7th Street, SW
Washington, DC 20407-0001
www.gsa.gov

If you disagree with this determination and wish to pursue the matter further, you must file suit in the appropriate United States District Court within six months of the date of this letter.

Sincerely,

Sharon A. Roach
Regional Counsel

Exhibit 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Douglas F. Flemming, Esq
Peode ? Rehjsb ? LLP
Ninth Place Corporate Banking
#508 Corporate head Ave. NW
Washington DC 20220-4189

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   7003 3110 0003 4109 2804

PS Form 3811, August 2001        Domestic Return Receipt

