THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DAVID OPENSHAW, et al. : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | Case No: 1:06-cv-1884 (CKK) |
| : | |
| CONSOLIDATED ENGINEERING : | |
| SERVICES, INC., et al. : | |
| : | |
| Defendants : | |

**DEFENDANT CONSOLIDATED ENGINEERING**
**SERVICES, INC.'S MOTION TO DISMISS COUNTS VII & VIII OF**
**FIRST AMENDED COMPLAINT**

COMES NOW Defendant CESI, by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and files its Motion to Dismiss Counts VII & VIII of Plaintiffs' First Amended Complaint for plaintiffs' failure to state a claim upon which relief may be granted as the statutory basis for Counts VII & VIII does not provide for a private right of action and may only be initiated by the Attorney General for, or the Mayor of, the District of Columbia..  In support thereof, CESI states as follows:

1. On or about January 16, 2007 Plaintiffs filed their First Amended Complaint. Counts VII & VIII of the First Amended Complaint allege that CESI committed a public nuisance by purportedly operating the SDC in an improper manner.

2. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if the facts alleged by the plaintiffs fail to state a claim upon which relief can be granted. In making this determination, the Court should construe all facts and inferences in the light most

favorable to the plaintiffs and assume that the plaintiffs allegations are true. *Vanover v. Hantman*, 77 F. Supp.2d 91, 98 (D.D.C. 1999); *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). If Counts VII & VIII of Plaintiffs' First Amended Complaint are examined in the light most favorable to the plaintiffs, and if each of the plaintiffs allegations relating to Counts VII & VIII are taken as true and accurate, the fact remains there is no relief available to the plaintiffs as there is no private right of action provided by the statute upon which plaintiffs base their public nuisance claims.

3.  The statutory, and only, basis for both Counts VII & VIII of the Plaintiffs' First Amended Complaint is D.C. Code § 2-106 & 2-113, which provide:

> § 2-106 Operation prohibited
>
> No person shall operate or cause to be operated any boiler or unfired pressure vessel, referred to in § 2-105, at a pressure greater than that permitted by the certificate of inspection, or while feed pumps. Gauges, cocks, valves, or automatic safety-control devices are not in proper working condition, or in violation of any of the regulations promulgated hereunder by the Council of the District of Columbia.
>
> § 2-113 Use deemed nuisance; proceedings to abate
>
> The use of any steam boiler or unfired pressure vessel in violation of any of the prohibitions or requirements of this subchapter, or of the regulations promulgated under the authority hereof, shall constitute a common nuisance and ***the Attorney General for the District of Columbia may maintain an action in the Superior Court of the District of Columbia, in the name of the District of Columbia***, to abate and perpetually enjoin such nuisance.

(emphasis added).

4.  D.C. Code § 2-114 limits the individuals who can bring an action under this subchapter, which Plaintiffs base their public nuisance claims upon, to the "Attorney General for the District of Columbia, or any of his assistants." Any person found to have violated this subchapter's provisions is subject to a fine, not to exceed $100, and/or imprisonment for not

more than 90 days. *Id.* D.C. Code § 2-114 further provides that alterative sanctions, such as

civil fines and penalties and fees, may be imposed pursuant to D.C. Code § 2-1802.1, which

provides:

> (a) In order to initiate a proceeding under subchapter 1 of this chapter and this subchapter, ***the Mayor shall serve a notice of infraction upon a respondent***.

(emphasis added).

5. District of Columbia law is well-settled on the issue of statutory construction and interpretation. The Court's "first step when interpreting a statue is to look at the language of the statute." *Jeffrey v. United States*, 878 A.2d 1189, 1193 (D.C. 2005). "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Peoples Drug Stores, Inc., v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc); *citing Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 64 (D.C. 1980 (en banc). "It is axiomatic that 'the words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them.'" *Id.; quoting Davis v. United States*, 397 A.2d 951, 956 (D.C. 1979). When a Court interprets that language of a statute, it must look to the plain meaning of the statute "if the words are clear and unambiguous." *District of Columbia v. District of Columbia Office of Employee Appeals*, 883 A.2d 124, 127 (D.C. 2005); *citing Jeffrey*, *supra*, 878 A.2d at 1193. Generally, "when the plain meaning of the statutory language is unambiguous, the intent of the legislature is clear, and judicial inquiry need to no further." *District of Columbia v. Gallagher*, 734 A.2d 1087, 1091 (D.C. 1999) (citations omitted).

6. It can not be argued that the statute upon which Plaintiffs base their public nuisance claims against CESI provides a private right of action. The clear and ambiguous

language of D.C. Code § 2-113 expressly provides that only the Attorney General for the District of Columbia may initiate an action under this statute, with one exception. That singular exception, contained within D.C. Code § 2-1802.1, also includes clear and ambiguous language, and permits the District of Columbia Mayor to initiate an action under the statute Plaintiffs' found their public nuisance claims. A simple reading of this statutory language demonstrates that there is no private right of action allowing any individual to make a public nuisance claim under the auspices of said statute. Consequently, Counts VII and VIII of Plaintiffs' First Amended Complaint cannot stand and should be dismissed forthwith.

WHEREFORE, Defendant CESI respectfully requests the Court enter the Order appended hereto dismissing Counts VII & VIII of Plaintiffs' First Amended Complaint with prejudice.

    /s/ William J. Hickey
William John Hickey, Bar No: 928945
Counsel for the Defendants
33 Wood Lane
Rockville, Maryland 20850
301-424-6300

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this _____ day of January, 2006, copies of the foregoing were submitted via electronic filing and mailed, postage prepaid, to the foregoing:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W., 9th Floor
Washington, D.C. 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

               /s/ William J. Hickey
               William John Hickey