UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DAVID OPENSHAW, et al.            )
                                  )
    Plaintiffs,                   )
                                  )
v.                                )    Case No.  06-cv-1884 (CKK)
                                  )
CONSOLIDATED ENGINEERING          )
SERVICES, INC., et al.            )
                                  )
    Defendants.                   )
_____)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO "DEFENDANT CONSOLIDATED ENGINEERING SERVICES, INC.'S MOTION TO DISMISS COUNTS VII & VIII OF FIRST AMENDED COMPLAINT"**

Plaintiffs, through the undersigned counsel, file this opposition to Defendant Consolidated Engineering Services, Inc.'s Motion to Dismiss Counts VII & VIII of First Amended Complaint.

As discussed herein, Defendant Consolidated Engineering Services, Inc.'s motion should be denied because Plaintiffs have properly alleged the common law tort of public nuisance.

**I.   BRIEF FACTUAL BACKGROUND.**

This case arises out of the personal injuries sustained by Sophia Openshaw and Regina Openshaw on April 22, 2005, when the girls were severely burned as a result of the negligent, outrageous, and reckless operation, maintenance and/or repair of an underground steam distribution complex under the control of Defendant Consolidated Engineering Services, Inc. (hereinafter "Defendant").  Sophia and Regina Openshaw suffered injuries while they were walking on a public sidewalk in the District of Columbia.  The injuries suffered by the girls were caused by the escape of scalding hot steam from a vent in the public sidewalk.

On or about January 16, 2007, Plaintiffs filed their First Amended Complaint. On or about January 31, 2007, Defendant filed a Motion to Dismiss Counts VII and VIII of Plaintiffs' First Amended Complaint. Defendant asserts that Counts VII and VIII should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state a claim for which relief can be granted.

## II.  LEGAL ARGUMENT.

### A.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).

### B.  THE MOTION FOR DISMISSAL OF COUNTS VII & VIII OF FIRST AMENDED COMPLAINT SHOULD BE DENIED.

Counts VII and VIII allege the common law tort of public nuisance. Am. Compl. ¶¶ 53-66. The tort of public nuisance involves an interference with a public right that is unreasonable. Circumstances that may sustain a holding that particular conduct constituted actionable public nuisance include "whether the conduct is proscribed by statute . . . ." Restatement (Second) of Torts § 821B(2)(b) (1979); see, e.g., Nat'l Tel. Coop. Ass'n v. Exxon Corp., 38 F. Supp. 1, 34

(D.D.C. 1998) (stating the Court of Appeals for the District of Columbia has adopted the Restatement's formulation of public nuisance). Consistent with this well-settled authority, Plaintiffs allege in Counts VII and VIII that Defendant's conduct constituted a public nuisance because Defendant's conduct was proscribed by statute, specifically D.C. Code Ann. §§ 2-106 and 2-113. Am. Compl. ¶¶ 53-66. This violation caused scalding hot steam to escape through a vent in a public sidewalk into and onto a public sidewalk thereby causing injuries to Sophia and Regina Openshaw.

Defendant's one and only argument in support of their Motion is that the statutes cited by Plaintiffs do not provide a private right of action. Def.'s Mot. at 1 ("the statutory basis for Counts VII & VIII does not provide a private right of action"). In support of their argument, Defendant cites D.C. Code Ann. § 2-114 which provides that the Attorney General for the District of Columbia, or any of his assistants, can prosecute violations of §§ 2-106 and 2-113. Def.'s Mot. at 2-3. Defendant's argument fails for four independent reasons.

First, Plaintiffs do not purport to assert a private right of action created or enabled under any statute. Rather, they base their claim on the common law, specifically, the tort of public nuisance, and use the statute merely for definitional purposes, i.e. what constitutes a "public nuisance." Thus, on its face, Defendant's entire argument completely misses the mark.

Second, nothing in § 2-114 suggests that the Council of the District of Columbia intended to preclude common law public nuisance claims. That statute merely states that the Attorney General for the District of Columbia, or any of his assistants, may prosecute violations of, *inter alia*, §§ 2-106 and 2-113. It does not state or even suggest that private parties are prohibited from bringing common law public nuisance claims that look to §§ 2-106 and 2-113 as a guide for determining what *constitutes* public nuisance. Defendants cite no legislative history or case law

3

concerning § 2-114. This Court should not take the extraordinary step of <u>assuming</u> that the Council of the District of Columbia intended to prohibit common law public nuisance claims that look to §§ 2-106 and 2-113. Indeed, this Court has recognized that, "in the District of Columbia, courts will not interpret statutes to derogate the common law unless the legislature <u>expressly</u> repeals or modifies the particular element of the common law." <u>Nat'l Tel. Coop. Ass'n</u>, 38 F. Supp. at 6 (emphasis added) (citing <u>United States v. Jackson</u>, 528 A.2d 1211, 1215 (D.C. 1987)). Section 2-114 does not expressly repeal or modify the common law of public nuisance and therefore does not in any way bar or otherwise limit Plaintiffs' common law public nuisance claims.

Third, it is well settled under District of Columbia law that a private party may bring a claim for the common law tort of public nuisance. <u>Nat'l Tel. Coop. Ass'n</u>, 38 F. Supp. at 35-36 (citing <u>Holloway v. Bristol-Myers Corp.</u>, 327 F. Supp. 17, 24 (D.D.C. 1971), *aff'd*, 158 U.S. App. D.C. 207, 485 F.2d 986 (1973)). Furthermore, there is no question that a private party may rely on a statute as proof that particular conduct unreasonably interfered with a public right and therefore constituted a public nuisance. Restatement, § 821B(2)(b), <u>see also</u> § 821B cmt. e (analogizing the tort action for public nuisance to the doctrine of negligence as a matter of law); <u>see</u> <u>District of Columbia v. Totten,</u> 5 F.2d 374, 380 (D.C. Cir. 1925) ("Where the acts which create a public nuisance cause also private and special injury to an individual, an action at law will lie."). Plaintiffs' claims here do that, as well as properly allege injury to individuals, and therefore are legally sufficient.

Fourth, even without citation to the District of Columbia code, Plaintiffs have sufficiently pled common law claims for public nuisance by alleging facts and circumstances sufficient to sustain a holding that Defendant's conduct was an unreasonable interference with a

4

public right, from which Plaintiffs suffered damages distinct from that common to the public. Walking as legal pedestrians on a public sidewalk, Sophia and Regina Openshaw were severely burned when a gout of scalding hot steam escaped from a vent in the sidewalk. Presuming Plaintiffs' factual allegations as true, and granting Plaintiffs all reasonable inferences therefrom, as this Court must, Plaintiffs have sufficiently pled a common law claim for public nuisance.

For all of the foregoing reasons, Defendant's Motion to Dismiss Counts VII and VIII should be denied.

Respectfully submitted,

*/s/ Peter C. Grenier*
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiffs*

Dated: February 12, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February, 2007 I served a true and correct copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO "DEFENDANT CONSOLIDATED ENGINEERING SERVICES, INC.'S MOTION TO DISMISS COUNTS VII & VIII OF FIRST AMENDED COMPLAINT" by electronic case filing and U.S. Mail, postage-prepaid upon:

    William J. Hickey, Esquire
    33 Wood Lane
    Rockville, MD  20850
    *Counsel for Defendant/Counter-Plaintiff CESI*

    Diane M. Sullivan, Esquire
    Assistant U.S. Attorney
    555 Fourth Street, N.W.
    Room E4919
    Washington, D.C.  20530
    *Counsel for the United States of America*

                          */s/ Peter C. Grenier*
                          Peter C. Grenier

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**DAVID OPENSHAW, et al.**       )
                                 )
    **Plaintiffs,**           )
                                 )
**v.**                           )   Case No.  06-cv-1884 (CKK)
                                 )
**CONSOLIDATED ENGINEERING**     )
**SERVICES, INC., et al.**       )
                                 )
    **Defendants.**           )
_____)

## ORDER

Upon consideration of Defendant Consolidated Engineering Services, Inc.'s Motion to Dismiss Counts VII & VIII of First Amended Complaint and Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Consolidated Engineering Services, Inc.'s Motion to Dismiss Counts VII & VIII of First Amended Complaint, it is, by the Court, this _____ day of _____, 2007:

ORDERED:   That Defendant Consolidated Engineering Services, Inc.'s Motion to Dismiss Counts VII & VIII of First Amended Complaint be DENIED.

SO ORDERED.

                                                                _____
                                                                 Judge Colleen Kollar-Kotelly

Dated: _____

Copies to:

Peter C. Grenier, Esq.
BODE & GRENIER, L.L.P
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiffs*

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205
(202) 514-8780 (fax)
*Counsel for the United States of America*

William J. Hickey, Esq.
33 Wood Lane
Rockville, MD 20850
(301) 424-6300
(301) 294-4568 (fax)
*Counsel for Defendant CESI*