# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OPENSHAW, *et al.* | : |
| Plaintiffs, | : |
| v. | : Case No. 06-cv-1884 (CKK) |
| THE UNITED STATES OF AMERICA | : |
| Defendant | : |
| CONSOLIDATED ENGINEERING SERVICES, INC., et al. | : |
| Defendant and Third-Party Plaintiff | : |
| v. | : |
| DAY & ZIMMERMANN SERVICES, INC. | : |
| Third-Party Defendant | : |

## STATEMENT OF POSITION OF CES DEFENDANT TO PLAINTIFFS' CONSENT MOTION OF PARTIAL DISMISSAL

Comes now the Defendant, Cross-Plaintiff and Counter-Plaintiff, Consolidated Engineering Services, Inc. (hereinafter "CES"), and files its Memorandum of Position with respect to the Plaintiff Motion to Voluntarily Dismiss the Federal Defendant from Counts I, II, V and VI of the Amended Complaint and states the following:

At the outset, contrary to the second immaterial and impertinent comment of Plaintiffs, (See FRCP 12(f))[1] that counsel for this Defendant was "unable to timely review Plaintiffs' one-sentence proposed stipulation", the undersigned counsel was in mediation the day Plaintiffs' counsel sought consent and stipulation to file as "it had to be filed that day". However, the CES Defendant was not in a position to "stipulate" that day

---

[1] Plaintiffs asserted in their motion for leave to file the amended complaint that Defendant, CES, "hid from them" the fact the existence of a "related case". As this Court has determined, Local Rule 40.5(a) (3) and the operative complaint in each action indicates that the two cases are not, in fact, "related" pursuant to the Local Rule.

needing more time to reflect on the request. Upon further review of the matter, it appears that pending is the Federal Defendant's Motion to Dismiss or in the alternative, Motion for Summary Judgment. It seems that the CES Defendant need not consent or "stipulate" in order for Plaintiffs to achieve what they are now asking the Court to do by Order. That is, by simply conceding to the motion, the Federal Defendant will be dismissed pursuant to an Order of this Court without further judicial inquiry.

The pleading Plaintiffs filed is entitled "Consent Motion of Partial Dismissal". This Defendant has not consented to anything as the caption of the Motion implicitly suggests. Moreover, a motion filed pursuant to Fed.R.Civ.P. 41(a)(2) shall not be dismissed upon Plaintiff's insistence save upon order of the court and upon such terms and conditions as the Court deems proper. The dismissal of claims or a party to an action pursuant to Fed.R.Civ.P. 41(a)(2) is discretionary with the court. *New Mexico Ex Rel. Energy and Minerals Department, Mining and Minerals Division v.U.S. Department of the Interior,* 820 F.2d 441, 443 (D.C. Cir. 1987):

> The Tribe did not join the stipulation to dismiss New Mexico's complaint and the district court's dismissal of it had to come by court order pursuant to Fed. R. Civ P. 41(a)(2). Dismissals under this Rule generally have been granted "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Laboratories*, 793 F.2d 350, 353 (D.C.Cir.1986). "The basic purpose of [the Rule] is to freely permit the plaintiff,    with court approval, to voluntarily dismiss an action [as] long as no other party will be prejudiced ... in    most cases a dismissal should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976) (citations    omitted). (See also, *Thoubboron v. Ford Motor Company*, 624 A.2d 1210, 1213 (D.C.App.  1993).

Here, the CES Defendant does not participate in joining, consenting or stipulating to the dismissal of the Federal Defendant or any claims derivative to or from it because of, among other things, the Federal Defendant's non-delegable legal duty to the public in the administration of the "Steam Distribution Center" (SDC) System. The CES Defendant wishes to avoid any inference or suggestion it is abandoning or waiving any claim or defense it has or has asserted by answer, cross-claim or counterclaim in this action or by operation of law.

> "[P]arties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Local No. 93, International Association of Firefighters v. Cleveland*, --- U.S. ----, 106 S. Ct. 3063, 3079, 92 L.Ed.2d 405 (1986). "A court's approval of a consent decree between some of the parties therefore cannot dispose of the valid claims of nonconsenting intervenors; if properly raised, these claims remain and may be litigated by the intervenor." Id. Especially since we do not have here a consent decree, this principle applies to defeat the Tribe's claim of prejudice. Only the parties who signed the settlement agreement are bound by the contract formed in it, and the court's approval of it in its exercise of discretion under Fed.R.Civ.P. 41(a)(2)  does not serve to dispose of the Tribe's claims. *New Mexico Ex Rel. Energy and Minerals Department, Mining and Minerals Division, Id,* 445.

Moreover, the CES Defendant does not consent to the dismissal of Counts V and VI as to one Defendant (the Federal Defendant) without dismissal of those Counts as to both Defendants. The Counts reference "Defendants" without distinguishing which defendant has or owes which duty under what circumstances. It only alleges a cause of action couched as *negligence per se* based upon a generalized "duty" to the public allegedly imposed by a D.C. Municipal Regulation. These Counts as alleged, therefore, should either be dismissed in their entirety or not at all.

Wherefore, the CES Defendant does not join in the "consent motion" and requests that the Court, in the issuance of any order pursuant to Fed.R.Civ.P. 41(a)(2) carefully consider any legal prejudice to the CES Defendant and leave in tact its cross-claim against the Federal Defendant, dismiss Count V and VI as to all defendants and make such other rulings as are fair and just under the circumstances.

Respectfully Submitted,

CONSOLIDATED ENGINEERING
 SERVICES, INC.


         /s/ William J. Hickey
William J. Hickey, Esquire
Law Offices of William J. Hickey
33 Wood Lane
Rockville, Maryland  20850
301-424-6300
Counsel for Defendant CESI


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February, 2007, copies of the foregoing were submitted via electronic filing and mailed, postage prepaid to the foregoing:

Peter Grenier, Esq.
Douglas E. Fierberg, Esq.
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

The Corporation Trust, Inc.
Day & Zimmerman Services, Inc.
300 E. Lombard Street
Baltimore, MD 21202

                                                                    /s/ William J. Hickey
                                                            William John Hickey