THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DAVID OPENSHAW, et al. | : |
| Plaintiffs | : |
| v. | : Case No: 1:06-cv-1884 (CKK) |
| CONSOLIDATED ENGINEERING SERVICES, INC., et al. | : |
| Defendants | : |

**DEFENDANT CONSOLIDATED ENGINEERING
SERVICES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS COUNTS VII & VIII OF FIRST AMENDED COMPLAINT**

COMES NOW Defendant CESI, by and through its counsel, William J. Hickey, Esquire of the Law Offices of William J. Hickey, and replies to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Consolidated Engineering Services, Inc.'s Motion to Dismiss Counts VII & VIII of First Amended Complaint ("Opposition"). In support thereof, CESI states as follows:

1. On or about January 16, 2007 Plaintiffs filed their First Amended Complaint. Counts VII & VIII of the First Amended Complaint allege that CESI committed a public nuisance by purportedly operating the SDC in an improper manner **in violation of District of Columbia statutory law**. *See* Plaintiffs' First Amended Complaint, Counts VII & VIII.

2. On or about January 31, 2007, CESI filed its Motion to Dismiss Counts VII & VIII of First Amended Complaint ("Motion to Dismiss") arguing that Plaintiffs' failed to state a claim upon which relief may be granted as the statutory basis for Counts VII & VIII of their First Amended Complaint does not provide for a private right of action and may only be initiated by the Attorney General for, or the Mayor of, the District of Columbia.

1

3. On or about February 12, 2007, Plaintiffs' filed their Opposition to CESI's Motion, mistakenly arguing that Counts VII and VIII of Plaintiffs' First Amended Complaint properly allege the common law tort of public nuisance.

4. Count VII of Plaintiffs' First Amended Complaint, relating to Plaintiff Sophia Openshaw, states:

> 54. Defendant CESI owed the public generally, and Plaintiffs specifically, **statutory duties** regarding the property controlled and/or managed by them. Those duties arose from, *inter alia* **D.C. Code § 2-106 (2004)** which prohibits the operation of any boiler or unfired pressure vessel at a pressure greater than that permitted by the certificate of inspection, or while feed pumps, gauges, cocks, valves, or automatic safety-control devices are not in working condition.
>
> 55. The **aforementioned statute** promotes public safety, and was enacted to protect persons in Plaintiffs' position, and to prevent the type of incident described above. **Such statute therefore set forth duties with which Defendant CESI was required to comply**.
>
> 56. Defendant CESI breached those duties and under, *inter alia*, **D.C. Code § 2-113 (2004)** committed a public nuisance by operating the underground steam distribution complex and the associated boilers when feed pumps, gauges, cocks, valves, or automatic safety-control devices were not in working condition, **in violation of D.C. Code § 2-106 (2004)**.
>
> 57. By operating the steam distribution complex **in direct and willful violation of the foregoing statutes**, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.
>
> (emphasis added).

5. Count VIII of Plaintiffs' First Amended Complaint uses the exact same language in regard to Plaintiff Regina Openshaw.

6. Given this express language, it is unfathomable to undersigned counsel how Plaintiffs' can argue to the Court that "Counts VII and VIII allege the common law tort of public nuisance." *See* Plaintiffs' Opposition, p. 2. While Plaintiffs properly defines the common law tort of public nuisance, the fact remains, that the First Amended Complaint does not allege this common law tort. Rather, Plaintiffs undertook to plead a statutory public nuisance claim that does not provide for a private right of action. *See generally*, Defendant's Motion to Dismiss. Plaintiffs' did not use the aforementioned statutory provisions "for definitional purposes" as claimed in their Opposition as the language of Counts VII & VIII clearly utilize these statutory provisions as the sole basis for the public nuisance claims. *See* Plaintiffs' Opposition, pg. 3.

7. Plaintiffs further argue that "nothing in § 2-114 suggests that the Council of the District of Columbia intended to preclude common law public nuisance claims." *See* Plaintiffs' Opposition, pg. 3. However, D.C. Council never addressed a preclusion of common law public nuisance claims. Plaintiffs failed to properly plead a common law nuisance claim. As discussed *supra* and in Defendant's Motion to Dismiss, Plaintiffs claims are entirely based upon statutory provisions under which there is no private right of action. As a result, Counts VII and VIII cannot survive as Plaintiffs do not have standing to bring said statutory claims. *See generally*, Defendant's Motion to Dismiss.

8. In the same vein, Plaintiffs correctly contend "that a private party may bring a claim for the common law tort of public nuisance." *See* Plaintiffs' Opposition, pg. 4. Plaintiffs have again failed to differentiate between the claims they could have made and those they actually pled. Counts VII & VIII of the First Amended Complaint do not include common law

public nuisance claims, but rather statutory public nuisance claims that do not allow for a private right of action to Plaintiffs. *See generally*, Defendant's Motion to Dismiss.

WHEREFORE, Defendant CESI respectfully requests that the Court grant the proposed order appended to its Motion to Dismiss and dismiss Counts VII and VIII of Plaintiffs' First Amended Complaint with prejudice.

        /s/ William J. Hickey
William John Hickey, Esq., Bar No: 928945
Robert Gittins, Esquire, Bar No. 490016
Counsel for the Defendants
33 Wood Lane
Rockville, Maryland 20850
301-424-6300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21nd day of February, 2006, copies of the foregoing were submitted via electronic filing and mailed, postage prepaid, to the foregoing:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W., 9th Floor
Washington, D.C. 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

        /s/ William J. Hickey
William John Hickey