UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OPENSHAW, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONSOLIDATED ENGINEERING SERVICES, INC.,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>DAY & ZIMMERMAN SERVICES, INC.,<br><br>    Third-Party Defendant. | Civil Action No. 06-1884 (CKK) |

MEMORANDUM OPINION
(April 10, 2007)

Plaintiffs David and Lily Openshaw have brought this action individually and as guardians of their minor daughters, Sophia and Regina Openshaw. Plaintiffs' First Amended Complaint includes ten counts arising out of personal injuries allegedly sustained by Sophia and Regina Openshaw when they were burned by steam escaping from a vent in the sidewalk on the east side of 10th Street, NW, between Pennsylvania Avenue and Constitution Avenue in Washington, DC. Currently pending before the Court is Defendant Consolidated Engineering Services, Inc.'s (CESI) Motion to Dismiss Counts VII and VIII of Plaintiffs' First Amended Complaint. Upon review of CESI's Motion to Dismiss, Plaintiffs' Opposition, CESI's Reply, the relevant case law and the record herein, the Court finds that, although only labeled as claims for "public nuisance," Counts VII and VIII of Plaintiffs' First Amended Complaint sufficiently allege the common law tort of public nuisance. The Court shall therefore deny CESI's Motion to

Dismiss, and shall order Plaintiffs to amend their First Amended Complaint so as to make clear that Counts VII and VIII allege claims for the common law tort of public nuisance.

## I: BACKGROUND

Plaintiffs David and Lily Openshaw are the natural parents and guardians of Plaintiffs Sophia and Regina Openshaw. First Am. Compl. (hereinafter "FAC") ¶ 6. Plaintiffs allege that on April 22, 2005, Lily, Sophia, and Regina Openshaw were walking on the sidewalk on the east side of 10th Street, NW, between Pennsylvania Avenue and Constitution Avenue in Washington, DC, when a gout of scalding hot steam escaped from a vent in the sidewalk *Id.* ¶ 9. Sophia and Regina Openshaw were both severely burned by the steam, which emanated from an underground steam distribution complex (the "SDC"). *Id.* Plaintiffs assert that access to the vent in the sidewalk was neither barricaded nor blocked, and that the vent was located on a legal pedestrian walkway. *Id.* Plaintiffs allege, on information and belief, that the property on which the vent was located was owned and/or managed by the United States and by the General Services Administration (GSA). *Id.* ¶ 11. Plaintiffs further allege that at the time of the incident, Defendant CESI was contractually responsible for the inspection, maintenance, and repair of the SDC, and that GSA was likewise responsible for the inspection, repair, and maintenance of the SDC. *Id.* ¶¶ 12-13.

Plaintiffs allege that both Sophia and Regina Openshaw required extensive medical care and treatment as a result of their burns, for which Plaintiffs David and Lily Openshaw have incurred considerable expense. *Id.* ¶ 10. Plaintiffs further allege that at least seven months prior to April 22, 2005, GSA and CESI had notice and knowledge that the SDC that caused Sophia and Regina Openshaw's burns and injuries was not properly functioning and could cause serious

injuries and burns to pedestrians, because on September 11, 2004, two other individuals were injured by steam when they walked over a manhole that was part of the same SDC.  *Id.* ¶¶ 14-16. Plaintiffs assert that as early as September 2004, GSA had requested that CESI perform – and CESI had begun to perform – maintenance and emergency repair work on the SDC.  *Id.* ¶¶ 17, 21.  According to Plaintiffs, despite such notice and knowledge, GSA and CESI did not take steps to warn the public or reroute pedestrian traffic so as to ensure pedestrian safety.  *Id.* ¶ 21. Plaintiffs David and Lily Openshaw presented their claims for medical expenses and their daughters' claims for personal injuries to GSA on September 7, 2005, and GSA rejected Plaintiffs' claims by letter dated March 8, 2006.  *Id.* ¶ 22.

Plaintiffs filed their First Amended Complaint against the United States of America and CESI on January 16, 2007.  Plaintiffs' First Amended Complaint includes ten Counts: Counts I and II allege negligence against the United States on behalf of Sophia and Regina Openshaw, respectively, FAC ¶¶ 23-30; Counts III and IV allege negligence against CESI on behalf of Sophia and Regina Openshaw, respectively, *id.* ¶¶ 31-40; Counts V and VI allege negligence *per se* against both the United States and CESI on behalf of Sophia and Regina Openshaw, respectively, *id.* ¶¶ 41-52; Counts VII and VIII allege public nuisance against CESI on behalf of Sophia and Regina Openshaw, respectively, *id.* ¶¶ 53-66; and Counts IX and X allege willful disregard for the rights of Sophia and Regina Openshaw, respectively, against CESI, *id.* ¶¶ 67-92.

On January 25, 2007, the United States filed a Motion to Dismiss Plaintiffs' First Amended Complaint/Motion for Partial Summary Judgment indicating that under 28 U.S.C. § 2401(b), this Court lacked jurisdiction over Plaintiffs' claims because their Complaint was not filed within six months of the notice of the denial of their claim.  Thereafter, Plaintiffs filed a

Consent Motion of Partial Dismissal, seeking to dismiss with prejudice their claims against the United States, which the Court granted on March 6, 2007. As a result, CESI is currently the only Defendant to this action. In addition, however, on March 13, 2007, CESI filed a Third Party Complaint against Third Party Defendant Day & Zimmerman Services, Inc. ("D&Z"), alleging that CESI assumed D&Z's contract for repair and maintenance of the SDC less than nine months prior to the incident involving Sophia and Regina Openshaw and that D&Z was responsible for the repair and maintenance of the SDC prior to August 31, 2004. *See generally* 3rd Party Compl.

On January 31, 2007, CESI filed a Motion to Dismiss Counts VII and VIII of the First Amended Complaint, arguing that those Counts fail to state a claim upon which relief may be granted because they are grounded on statutes that do not provide for a private right of action. On the same day, CESI filed a Notice with the Court indicating that it intended to answer the First Amended Complaint within ten days of the Court's resolution of their partial motion to dismiss. Plaintiffs filed an Opposition to CESI's partial motion to dismiss on February 12, 2007, and CESI filed its Reply on February 21, 2007.

## II: LEGAL STANDARDS

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the

court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III: DISCUSSION

CESI argues that Counts VII and VIII of the First Amended Complaint must be dismissed because they are grounded on District of Columbia statutes that do not provide a private right of action. Mot. to Dismiss at 1. In response, Plaintiffs acknowledge that Counts VII and VIII refer to portions of the District of Columbia Code, but argue that those portions are only cited for definitional purposes and that Counts VII and VIII in fact allege the common law tort of public nuisance. Counts VII and VIII do not refer to the common law tort of public nuisance; nevertheless, the Court concludes that those Counts state claims for the common law tort of

public nuisance sufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Count VII alleges public nuisance on behalf of Sophia Openshaw and Count VIII alleges public nuisance on behalf of Regina Openshaw; however the two Counts are substantively identical. The Counts allege that CESI committed a public nuisance by violating D.C. Code §§ 2-106 and § 2-113. FAC ¶¶ 54, 56, 61, 63. The Counts further allege that these statutes were enacted to protect persons in Plaintiffs' position, and that as a direct and proximate cause of CESI's alleged public nuisance, Sophia and Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and David and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses. *Id.* ¶¶ 55-59, 62-66. D.C Code § 2-106 is titled "Operation prohibited," and provides:

> No person shall operate or cause to be operated any boiler or unfired pressure vessel . . . at a pressure greater than permitted by the certificate of inspection, or while feed pumps, gauges, cocks, valves, or automatic safety-control devices are not in proper working condition, or in violation of any of the regulations promulgated . . . by the Council of the District of Columbia.

D.C. Code § 2-106. In turn, D.C. Code § 2-113 is titled "Use deemed nuisance; proceedings to abate," and provides:

> The use of any steam boiler or unfired pressure vessel in violation of any of the prohibitions or requirements of this subchapter, or of the regulations promulgated under the authority hereof, shall constitute a common nuisance and the Corporation Counsel of the District of Columbia may maintain an action in the Superior Court of the District of Columbia, in the name of the District of Columbia, to abate and perpetually enjoin such nuisance.

D.C. Code § 2-113.

CESI argues that Counts VII and VIII must be dismissed because D.C. Code § 2-114 limits the individuals who can bring actions under the relevant subchapter to the "Attorney

6

General for the District of Columbia, or any of his assistants," and provides that alternative sanctions may be imposed pursuant to D.C. Code § 2-1802.1, under which only the Mayor may initiate proceedings. Mot. to Dismiss at 2-3. As such, CESI argues, "[a] simple reading of th[e] statutory language demonstrates that there is no private right of action allowing any individual to make a public nuisance claim under the auspices of said statute." *Id.* at 4. CESI is correct that D.C. Code §§ 2-106, 2-113 and 2-114 do not provide a private right of action; however, it does not follow that Plaintiffs are precluded from asserting claims for the common law tort of public nuisance based on the conduct proscribed by those statutes.

The Court of Appeals for the District of Columbia has adopted the definition of the tort of public nuisance included in the Restatement (Second) of Torts. *Nat'l Tel. Coop. Ass'n v. Exxon Corp.*, 38 F. Supp. 1, 13 (D.D.C. 1998); *see also Dist. of Columbia v. Baretta, U.S.A. Corp.*, 872 A.2d 633, 646 (D.C. Cir. 2005) ("a separate tort of public nuisance is cognizable in the District of Columbia [and] the RESTATEMENT provides the appropriate definition."). "A public nuisance is an unreasonable interference with a right common to the general public." *B & W Management, Inc. v. Tasea Inv. Co.*, 451 A.2d 879, 881 (D.C. 1982) (quoting Restatement (Second) of Torts § 821B(1) (1979)). Although, "as a general proposition only governmental authorities or other representatives of the general public have standing to attack a public nuisance in court;" there is an exception whereby "a private party may sustain an action to enjoin or recover damages for a public nuisance if that party can allege and prove 'special damage, distinct from that common to the public.'" *B & W Management*, 451 A.2d at 882 (quoting *Holloway v. Bristol-Myers Corp.*, 327 F. Supp. 17, 24 (D.D.C. 1971), *aff'd*, 385 F.2d 986 (1973)); *see also Nat'l Tel. Coop. Ass'n*, 38 F. Supp. 2d at 13. Furthermore, the Restatement specifically provides

that "[c]ircumstances that may sustain a holding that an interference with a public right is unreasonable include . . . (b) whether the conduct is proscribed by a statute, ordinance or administrative regulation . . . ." Restatement (Second) of Torts § 821(B)(2).

Construing Counts VII and VIII in the light most favorable to Plaintiffs, it is clear that those Counts plead facts sufficient to state a claim for the common law tort of public nuisance. Specifically, Counts VII and VIII allege that Plaintiffs suffered special damage – including physical, emotional, and economic injury – distinct from that common to the public. Furthermore, Counts VII and VIII allege that CESI engaged in conduct that is specifically proscribed under D.C. Code § 2-106 and that has been declared to be a nuisance pursuant to D.C. Code § 2-113. Plaintiffs assert that, notwithstanding their references to D.C. Code §§ 2-106 and 2-113 and the fact that Counts VII and VIII do not specifically refer to the common law tort of public nuisance, they are not attempting to "assert a private right of action created or enabled under any statute." Pls.' Opp'n at 3. Instead, Plaintiffs maintain, Counts VII and VIII allege the common law tort of public nuisance and "use the statute merely for definitional purposes, i.e., what constitutes a 'public nuisance.'" *Id.* at 2-3. The Court agrees with Plaintiffs that they have sufficiently alleged that CESI's "unreasonable interference with a right common to the general public" caused them special damage, and have thus stated a claim for the common law tort of public nuisance. Admittedly, however, Plaintiffs' claims would be clearer and more precise if they were labeled as claims for the common law tort of public nuisance. As a result, the Court shall order Plaintiffs to amend their First Amended Complaint so as to clarify that Counts VII and VIII comprise claims for the common law tort of public nuisance.

## IV: CONCLUSION

For the foregoing reasons, the Court shall deny Defendant CESI's Motion to Dismiss Counts VII and VIII of the First Amended Complaint, and instead shall order Plaintiffs to amend their First Amended Complaint so as to make clear that Counts VII and VIII assert claims for the common law tort of public nuisance. An appropriate Order accompanies this Memorandum Opinion.

Date:   April 10, 2007

                                                                                           */s/*
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge