THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| DAVID OPENSHAW, et al. | : | |
| Plaintiffs | : | |
| v. | : | Case No: 1:06-cv-1884 (CKK) |
| UNITED STATES OF AMERICA | : | |
| Defendant | : | |
| and | : | |
| CONSOLIDATED ENGINEERING SERVICES, INC. | : | |
| Defendant/ Third-Party Plaintiff | : | |
| v. | : | |
| DAY AND ZIMMERMAN SERVICES, INC. | : | |
| Third-Party Defendant | : | |

**DEFENDANT AND THIRD-PARTY PLAINTIFF CONSOLIDATED ENGINEERING SERVICES, INC.'S AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM**

COMES NOW Defendant and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire and Robert M. Gittins, Esquire of the Law Offices of William J. Hickey, and for its Answer to the First Amended Complaint filed by the Plaintiffs herein states as follows:

**First Defense**

The First Amended Complaint fails to state a cause of action against this Defendant and should be dismissed.

**Second Defense**

1. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

2. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

3. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

4. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

5. This Defendant acknowledges Plaintiffs are attempting to assert that venue is proper in this jurisdiction to which no response is required.

6. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 6 and can neither admit nor deny at this time.

7. This Defendant admits the allegations of Paragraph 7 of the Complaint.

8. This Defendant admits the allegations of Paragraph 8 of the Complaint.

9. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 9 and can neither admit nor deny at this time.

10. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 10 and can neither admit nor deny at this time.

11. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11 and can neither admit nor deny at this time.

12. This Defendant denies the allegations in Paragraph 12.

13. This Defendant denies the allegations in Paragraph 13 regarding CESI. However, this Defendant admits that Defendant USA was ultimately responsible for the inspection, repair and maintenance of the steam distribution complex.

14. This Defendant denies the allegations in Paragraph 14.

15. This Defendant denies the allegations in Paragraph 15

16. This Defendant denies the allegations in Paragraph 16.

17. This Defendant admits that as of August 31, 2004, it had begun to perform certain maintenance and repairs involving the Steam Distribution Complex under the supervision of, and subject to the authority of, the General Services Administration.

18. This Defendant denies the allegations in Paragraph 18 as phrased.

19. This Defendant denies the allegations in Paragraph 19 as phrased

20. This Defendant denies the allegations in Paragraph 20 as phrased.

21. This Defendant denies the allegations in Paragraph 21.

22. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 22 and can neither admit nor deny at this time.

23-30. This Defendant need not respond to the allegations of Paragraphs 23 through 30 as these allegations do not pertain to this Defendant

31. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 31 of the Complaint.

32. This Defendant denies the allegations in Paragraph 32.

33. This Defendant denies the allegations in Paragraph 33.

34. This Defendant denies the allegations in Paragraph 34.

35. This Defendant denies the allegations in Paragraph 35.

36. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 36 of the Complaint.

37. This Defendant denies the allegations in Paragraph 37.

38. This Defendant denies the allegations in Paragraph 38.

39. This Defendant denies the allegations in Paragraph 39.

40. This Defendant denies the allegations in Paragraph 40.

41. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 41 of the Complaint.

42. This Defendant denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

44. This Defendant denies the allegations in Paragraph 44.

45. This Defendant denies the allegations in Paragraph 45.

46. This Defendant denies the allegations in Paragraph 46.

47. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 47 of the Complaint.

48. This Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

50. This Defendant denies the allegations in Paragraph 50.

51. This Defendant denies the allegations in Paragraph 51.

52. This Defendant denies the allegations in Paragraph 52.

53. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 53 of the Complaint.

54. This Defendant denies the allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

56. This Defendant denies the allegations in Paragraph 56.

57. This Defendant denies the allegations in Paragraph 57.

58. This Defendant denies the allegations in Paragraph 58.

59. This Defendant denies the allegations in Paragraph 59.

60. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 60 of the Complaint.

61. This Defendant denies the allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

63. This Defendant denies the allegations in Paragraph 63.

64. This Defendant denies the allegations in Paragraph 64.

65. This Defendant denies the allegations in Paragraph 65.

66. This Defendant denies the allegations in Paragraph 67.

67. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 67 of the Complaint.

68. This Defendant denies the allegations in Paragraph 68.

69. This Defendant denies the allegations in Paragraph 69.

70. This Defendant denies the allegations in Paragraph 70.

71. This Defendant denies the allegations in Paragraph 71.

72. This Defendant denies the allegations in Paragraph 72.

73. This Defendant denies the allegations in Paragraph 73.

74. This Defendant denies the allegations in Paragraph 74.

75. This Defendant denies the allegations in Paragraph 75.

76. This Defendant denies the allegations in Paragraph 76.

77. This Defendant denies the allegations in Paragraph 77.

78. This Defendant denies the allegations in Paragraph 78.

79. This Defendant denies the allegations in Paragraph 79.

80. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 80 of the Complaint.

81. This Defendant denies the allegations in Paragraph 81.

82. This Defendant denies the allegations in Paragraph 82.

83. This Defendant denies the allegations in Paragraph 83.

84. This Defendant denies the allegations in Paragraph 84.

85. This Defendant denies the allegations in Paragraph 85.

86. This Defendant denies the allegations in Paragraph 86.

87. This Defendant denies the allegations in Paragraph 87.

88. This Defendant denies the allegations in Paragraph 88.

89. This Defendant denies the allegations in Paragraph 89.

90. This Defendant denies the allegations in Paragraph 90.

91. This Defendant denies the allegations in Paragraph 91.

92. This Defendant denies the allegations in Paragraph 92.

### Third Defense

This Defendant affirmatively asserts the defense of the statute of limitations as to each and every allegation and count of Plaintiffs' First Amended Complaint.

### Fourth Defense

This Defendant pleads and avers the affirmative defense of estoppel.

### Fifth Defense

This Defendant pleads and avers the affirmative defense of Release

### Sixth Defense

This Defendant asserts the Plaintiffs failed to mitigate damages.

### Seventh Defense

This Defendant pleads and avers the affirmative defense of contributory negligence.

### Eighth Defense

This Defendant pleads and avers the affirmative defense of the assumption of the risk.

### Ninth Defense

This Defendant pleads and avers that the injuries and damages alleged by the Plaintiffs were the result of independent and/or intervening acts over which this Defendant had no control or responsibility.

### Tenth Defense

Plaintiffs lack standing to bring this action.

### Eleventh Defense

Plaintiffs have failed to satisfy conditions precedent to sustain this action.

**Twelfth Defense**

Plaintiffs lack privity with this Defendant and as a consequence this Defendant owed neither duty nor responsibility to Plaintiffs for any consequential or personal injuries.

**Thirteenth Defense**

Plaintiffs have failed to join indispensable parties and as a consequence the Complaint should be dismissed.

This Defendant reserves the right to further amend its Answer as discovery develops.

**COUNTERCLAIM AGAINST PLAINTIFF LILY OPENSHAW**

COMES NOW Defendant and Third-Party Plaintiff CESI by and through its counsel, William J. Hickey, Esquire and Robert M. Gittins, Esquire of the Law Offices of William J. Hickey, pursuant to Rule 13 of the Federal Rules of Civil Procedure and files its Counterclaim against Plaintiff Lily Openshaw. In support thereof, CESI states as follows:

1. On or about January 16, 2007, Plaintiffs filed their First Amended Complaint in the above-captioned lawsuit against Defendants CESI and USA alleging, *inter alia*, that each Defendant was negligent in operating, maintaining and/or repairing the steam distribution complex ("SDC"). As a result of this alleged negligence, Plaintiffs Sophia and Regina were purportedly injured when these Plaintiffs came in contact with steam or some other vapor emitting from the SDC.

2.	The injuries complained of in Plaintiffs' First Amended Complaint allegedly occurred on April 22, 2005 when Plaintiffs Lily, Sophia and Regina purposely and intentionally walked onto a vent emitting visible steam, or other vapor from a vent in or about the public street and traffic throughway or other area adjacent and not part of the pedestrian walkway.

3.	At all times and places as they traveled in the District of Columbia on the day of their alleged incident, Plaintiff, Lily Openshaw, had a duty to supervise her minor children and to exercise reasonable care and attention for their protection and safety and otherwise to act in a reasonable and responsible manner to prevent harm to occur to the minor Plaintiffs, Sophia and Regina Openshaw.

4.	Plaintiff Lily Openshaw breached her duty to supervise the minor Plaintiffs, Sophia and Regina Openshaw, by allowing said children to wonder off the pedestrian walkway and/or into the street and allowing each of them to purposely walk onto a grate visibly emitting scalding hot steam, or injurious vapors.

5.	As a direct and proximate result of Plaintiff. Lily Openshaw's negligence, her children, the minor Plaintiffs, Sophia and Regina Openshaw, allegedly suffered personal injuries.

WHEREFORE, Defendant/Third-Party Plaintiff CESI is entitled to full indemnity and/or contribution for any or all damages that may be imposed upon it and further requests that this Honorable Court to issue an order:

(a)	Entering judgment in favor of CESI against Plaintiff Lily Openshaw;

(b)	Awarding in favor of CESI, Plaintiff Lily Openshaw's contribution for any sum awarded to the Plaintiffs against CESI;

(c)	Awarding CESI reasonable attorneys' fees and costs; and

(d)	Awarding CESI such further relief as this Court deems just and proper.

**CROSS-CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA**

COMES NOW Defendant and Third-Party Plaintiff CESI, by and through its counsel, William J. Hickey, Esquire and Robert M. Gittins, Esquire of the Law Offices of William J. Hickey, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure and files its Cross-Claim herein against Defendant USA.  In support thereof, CESI states as follows:

1. On or about January 16, 2007, Plaintiffs filed their First Amended Complaint in the above-captioned lawsuit against Defendants CESI and USA alleging each Defendant was negligent in operating, maintaining and/or repairing the steam distribution complex ("SDC").  As a result of this alleged negligence, Plaintiffs were purportedly injured when the Plaintiffs came in contact with steam or some other vapor emitting from the SDC.

2. It is alleged that USA and the General Services Administration ("GSA"), own and are primarily responsible for the operation of the SDC.

3. It is further alleged that USA and the GSA, are also primarily responsible for supervising, overseeing and ensuring quality assurance on the repair and maintenance of the SDC.

4. It is alleged that GSA entered into a certain contract with CESI to perform certain repair and maintenance of the SDC prior to the occurrence that is the subject of the instant dispute.

5. CESI denies it is liable to Plaintiffs in any respect whatsoever and that Plaintiff was primarily and directly contributory negligent with respect to the occurrence. However, should the Plaintiff prevail in any respect against the CESI, this Defendant hereby pleads and avers that on the occasion which is the subject of this lawsuit, USA owed the primary duty of care to the Plaintiffs and was negligent in the following respects:

  a. USA was aware of the problems of water leaking into the SDC at the location of the accident that is the subject of this lawsuit (Manhole 41), for at least two (2) years prior to said accident.

  b. USA had the primary responsibility for any repair and negligently failed to repair and/or initiate proper procedures for follow up identification and inspections of the existence of possible water leakage problems at this location both prior to and after GSA allegedly entered into a contract with CESI for it to perform certain maintenance services.

  c. USA was negligent in its responsibility to initiate, detect, follow-up, oversee, assign, approve, supervise and/or provide quality assurance for the maintenance and repair work on the SDC it owns and operates.

  d. Such negligent actions stated in paragraphs (a) through (c) above, on the part of USA, were the direct and proximate cause of the injuries set forth in Plaintiffs' First Amended Complaint.

6. CESI further avers and pleads that USA, waived its sovereign immunity for such negligent acts pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C. § 2674.

7. Presentation of an administrative claim to the appropriate government agency is not required before filing a cross-claim. 28 U.S.C. § 2675(a).

WHEREFORE, Defendant/Third-Party Plaintiff CESI asserts it is entitled to full indemnification and/or contribution for any or all damages that may be imposed upon it and further requests that this Honorable Court to issue an order:

(a) Entering judgment in favor of CESI against USA;

(b) Granting DCESI compensatory and consequential damages against USA in an amount to be determined at trial;

(c) Awarding CESI reasonable attorneys' fees and costs;

(d) Awarding in favor of CESI contribution as determined by this Court for any sum awarded to the Plaintiffs against CESI; Awarding judgment in favor of CESI against USA for any sum awarded to the Plaintiffs against CESI; and Awarding CESI such further relief as this Court deems just and proper.

Respectfully submitted,

Law Offices of William J. Hickey

     /s/ Robert M. Gittins
William John Hickey, Bar No: 928945
Robert M. Gittins, Bar No.: 490016
Law Offices of William J. Hickey
33 Wood Lane
Rockville, Maryland 20850
301-424-6300
301-294-4568 (fax)
Counsel for the Defendant and Third-Party
 Plaintiff CESI

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2006, copies of the foregoing were submitted via electronic filing to the foregoing:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W., 9th Floor
Washington, D.C. 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

Mary Malloy Dimaio, Esq.
Law Office of Maher & Associates
502 Washington Avenue
Suite 410 – Nottingham Centre
Towson, MD 21204

                                               /s/ Robert M. Gittins
                                               William John Hickey