**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| DAVID OPENSHAW, et al. | : | |
| | : | |
| Plaintiffs | : | |
| Counterclaim Defendants | : | |
| | : | |
| v. | : | Case No: 1:06-cv-1884 (CKK) |
| | : | |
| CONSOLIDATED ENGINEERING | : | |
| SERVICES, INC. | : | |
| | : | |
| Defendant/ | : | |
| Counterclaim Plaintiff/ | : | |
| Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAY AND ZIMMERMAN | : | |
| SERVICES, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

<u>**JOINT RULE LCvR 16.3(d) REPORT**</u>

Pursuant to LCvR 16.3(d), undersigned counsel for Plaintiffs David and Lily

Openshaw, individually and as Parents and Next Friends of Sophia and Regina

Openshaw, Defendant/Third-Party Plaintiff Consolidated Engineering Services, Inc.

("CESI") and Third-Party Defendant Day & Zimmerman, Services, Inc. ("D&Z")

conducted a telephone conference on April 24, 2007 as required by LCvR 16.3(a). As a

result of such conference, the parties request the Court to enter the attached proposed

Scheduling Order in connection with this matter. For the Court's Convenience, the

following are the parties and their respective counsel:

| Party | Counsel |
|---|---|
| Plaintiffs: | Peter Grenier, Esq. |
| Defendants: | |
| CESI | William J. Hickey, Esq. |
| | Robert M. Gittins, Esq. |
| D&Z | Mary Malloy Dimaio, Esq. |

### Plaintiffs' Statement of the Case

Plaintiffs assert that this is an action for damages arising out of personal injuries sustained by Sophia Openshaw and Regina Openshaw on April 22, 2005, when the girls were severely burned as a result of the negligent, outrageous, and reckless operation, maintenance and/or repair of an underground steam distribution complex located on property owned and/or controlled by the United States of America, the General Services Administration, and Consolidated Engineering Services, Inc.

### Defendant/Third-Party Plaintiff CESI's Statement of the Case

This case involves a claim, by two parents, on behalf of two of their minor children and themselves, at least one of which was walking with said children on a public street in the District of Columbia at the time of the alleged incident. The minor children, under the supervision and control of at least one adult plaintiff, purposely walked over an open and obvious steam grate from which visible steams was being emitted. As a direct result of at least one of the parent's actions, the minor plaintiffs allegedly sustained burns to the body. The cause of the steam being emitted from the grate on the public street is unknown. The Heating Operation and Transmission District (HOTD) Steam Distribution Complex (SDC) has been in operation almost half a century and the conditions of steam release from time to time is a fact known to most District residents.

**Third-Party Defendant D&Z's Statement of the Case**

Third-Party Defendant Day & Zimmerman Services, Inc. incorporates the Statement of the Case by Defendant/Third-Party Plaintiff CESI above, and further states that D&Z was not managing or operating the Steam Distribution Complex at the time of the Plaintiffs' incident.

**1.      Dispositive Motions**

The parties believe this action may be resolved by dispositive motion following discovery.

**2.      Amendments to Pleadings and Stipulations on Facts & Issues**

The parties agree that any additional amendments to any pleadings shall be no later than May 25, 2007.

The parties agree that they should be able to stipulate to facts and narrow the issues at the completion of discovery.

**3.      Assignment to Magistrate Judge**

The parties do not agree to this case being assigned to a Magistrate Judge for all purposes. However, the parties agree that the case should be assigned to a Magistrate Judge for settlement purposes after the close of discovery. The parties also agree that should mediation appear useful at an earlier date, the parties will request an immediate referral to a Magistrate Judge. Plaintiffs and D&Z do not object to this case being assigned to a magistrate judge for purposes of resolving discovery disputes.

**4.      Possibility of Settlement**

The parties agree that a possibility for settlement exists, but that it is premature at this time, until at least some discovery is completed.

5.    **Mediation**

The parties agree that early Mediation in this matter may be appropriate.  As such, the parties have agreed to request an earlier referral to the Magistrate Judge for settlement purposes.  If unsuccessful, Plaintiffs believe that Alternative Dispute Resolution, including mediation, may be appropriate following discovery in this matter.

6.    **Dispositive Motion Scheduling**

The parties agree that any dispositive motions be filed by November 30, 2007.

7.    **Initial Disclosures**

The parties agree that the Initial Disclosures pursuant to F. R. Civ. P. 26(a)(1) shall be filed no later than May 25, 2007.

8.    **Discovery Schedule**

The parties request that discovery by completed by October 15, 2007.  The Plaintiffs and D&Z request that each party be permitted to propound 40 interrogatories. CESI requests that interrogatories be limited to 25 per side, pursuant to Fed. R. Civ. P. 33(a).  The Plaintiffs and D&Z request that each party be permitted to take 10 depositions.  CESI requests that depositions be limited to five (5) per side, excluding physicians and/or experts.

CESI anticipates the need for a Privacy Act Protective Order.

9.    **Expert Witness Discovery**

The parties agree that Plaintiffs' experts will be identified by July 16, 2007.  The Defendants will identify its experts by August 20, 2007.  The parties agree that expert discovery will be completed by November 15, 2007.

10.    **Class Actions**

Not applicable.

11.    **Bifurcation**

Plaintiffs do not believe this case is appropriate for bifurcation.  CESI reserve its right to request bifurcation should the need arise.

12.    **Pretrial Conference**

Plaintiffs request a Pretrial Conference be scheduled 45 days after the close of discovery.  CESI and D&Z request that the Pretrial Conference be held within 45 days after this Court's decision on any dispositive motions.

13.    **Trial Date Scheduling**

The parties agree that this Court should set the trial date at the time of the Pretrial Conference.  However, the parties request that the trial be scheduled within 60 days from the date of the Pretrial Conference.

WHEREFORE, the parties respectfully request that this Court enter the proposed Scheduling Order submitted herewith.


Respectfully submitted,


_____/s/ Peter Grenier/RMG_____
Peter Grenier, Bar No.:  418570
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036
202-828-4100
202-828-4130 (fax)
Counsel for Plaintiffs

        /s/ Robert M. Gittins
William J. Hickey, Bar No.:  928945
Robert M. Gittins, Bar No.:  490016
Law Offices of William J. Hickey
33 Wood Lane
Rockville, MD 20850
301-424-6300
301-294-4568
Counsel for the Defendant CESI


        /s/ Mary Malloy Dimaio/RMG
Mary Malloy Dimaio, Bar No.:  464100
Law Office of Maher & Associates
502 Washington Avenue
Suite 410 – Nottingham Centre
Towson, MD 21204
410-769-8100
Attorney for Third-Party Defendant D&Z

**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Civil Division

| | | |
|---|---|---|
| DAVID OPENSHAW, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Case No: 1:06-cv-1884 (CKK) |
| | : | |
| CONSOLIDATED ENGINEERING | : | |
| SERVICES, INC. | : | |
| | : | |
| Defendant/ | : | |
| Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAY AND ZIMMERMAN | : | |
| SERVICES, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

**<u>SCHEDULING ORDER</u>**

UPON CONSIDERATION of the Statements of Parties pursuant to LCvR 16.3(d) and the Initial Scheduling Conference before this Court on April 27, 2007, it is hereby this _____ day of _____, 2007.

ORDERED, that this case shall be governed by the following deadlines:

| | |
|---|---|
| Initial Disclosures | May 25, 2007 |
| F. R. Civ. P. 26(a)(2) Proponent's Statements | July 16, 2007 |
| F. R. Civ. P. 26(a)(2) Opponent's Statements | August 20, 2007 |
| Non-Expert Discovery Deadline | October 15, 2007 |
| Expert Discovery Deadline | Nov. 15, 2007 |
| Deadline for Post F. R. Civ. P. 26(a) Discovery Requests | Sept. 17, 2007 |
| Early Mediation | July 2, 2007 |

| | |
|---|---|
| Secondary Mediation | If necessary |
| Dispositive Motions Filing & Decision Deadlines | Nov. 30, 2007 |
| | Dec. 28, 2007 |
| Pretrial Conference Date | To Be Determined at Status Conference |

It is further ORDERED that each party will be permitted to propound _____ Interrogatories and take _____ depositions, excluding depositions of physicians and/or experts.

_____
United States District Judge for the
District of Columbia

Copies to:

Peter Grenier, Esquire
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, NW
Ninth Floor
Washington, DC 20036

William J. Hickey, Esquire
Robert M. Gittins, Esquire
Law Offices of William J. Hickey
33 Wood Lane
Rockville, MD 20850

Mary Malloy Dimaio, Esquire
Law Office of Maher & Associates
502 Washington Avenue
Suite 410 – Nottingham Centre
Towson, MD 21204