**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID OPENSHAW AND LILY OPENSHAW**    ) | |
|    **Individually and as Guardians of**   ) | |
| **SOPHIA OPENSHAW AND REGINA OPENSHAW, Minors** ) | |
| ) | |
|    **Plaintiffs,**   ) | |
| ) | **Civil Action No.** |
|    **v.**   ) | **06-CV-1884(CKK)** |
| ) | |
| **CONSOLIDATED ENGINEERING SERVICES, INC., et al.** ) | |
| ) | |
|    **Defendants.**   ) | |
| ) | |

**SECOND AMENDED COMPLAINT[1]**

     COME NOW Plaintiffs David Openshaw and Lily Openshaw, individually and as Guardians

of Sophia and Regina Openshaw, Minors, by counsel, to comply with the Court's April 10, 2007

Order directing Plaintiffs to clarify that Counts VII and VIII comprise claims for the common law

tort of public nuisance, and for their Second Amended Complaint against Defendants The United

States of America and Consolidated Engineering Services, Inc., respectfully state as follows:

---

[1]  Plaintiffs recognize that pursuant to the Court's March 6, 2007 minute entry order granting
Plaintiffs' Consent Motion of Partial Dismissal,  Plaintiffs' claims against the United States of
America have been dismissed.  Plaintiffs' Second Amended Complaint has only been amended
to comply with the Court's April 10, 2007 Memorandum Opinion and Order requiring Plaintiffs
to amend the First Amended Complaint to clarify that Counts VII and VIII comprise claims for
the common law tort of public nuisance.

**Nature of Case**

This is an action for damages arising out of personal injuries sustained by Sophia Openshaw and Regina Openshaw on April 22, 2005, when the girls were severely burned as a result of the negligent, outrageous, and reckless operation, maintenance and/or repair of an underground steam distribution complex located on property owned and/or controlled by the United States of America, the General Services Administration, and Consolidated Engineering Services, Inc.

**Jurisdiction and Venue**

1.      The Court's personal jurisdiction over The United States of America is manifest, and the United States has waived sovereign immunity pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 (2006) *et seq.* and 28 U.S.C. § 1346(b) (2006).

2.      The Court has personal jurisdiction over Defendant Consolidated Engineering Services, Inc. (hereinafter sometimes referred to as "CESI") pursuant to D.C. Code § 13-423(a)(2006) in that CESI regularly transacts business in the District of Columbia and caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

3.      This Court has subject matter jurisdiction over the claims asserted against the United States pursuant to 28 U.S.C. § 1346(b) (2006).

4.      The Court has subject matter jurisdiction over the claims against CESI pursuant to 28 U.S.C. § 1367(a) (2006).  In addition, the Court also has subject matter jurisdiction over Plaintiff's claims against CESI pursuant to 28 U.S.C. § 1332(a)(2006) in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) (2006), as the acts and omissions complained of occurred in the District of Columbia.

**Parties**

6.      Plaintiffs David Openshaw and Lily Openshaw are now, and at all relevant times have been, adult residents of the State of Maryland, residing at 10 Wainwright Avenue, Annapolis, Maryland, 21403, and are the natural parents and guardians of Sophia and Regina Openshaw, ages 12 and 7, respectively, at the time of the incident.

7.      The United States General Services Administration ("GSA") is an executive agency of the United States government, and a "federal agency" within the meaning of 28 U.S.C. § 2671.

8.      CESI is a Virginia corporation with offices located at 320 23rd Street, Suite 100, Arlington, Virginia, 22202.  CESI is registered to do business in Washington, D.C. and has a registered agent at 1090 Vermont Avenue, N.W., Washington, D.C., 20005.  Upon information and belief, CESI is in the business of maintaining and repairing underground steam structures.

### Facts

9.      On or about April 22, 2005, Plaintiff Lily Openshaw and her daughters, Sophia and Regina, visitors to Washington, D.C., were walking on the sidewalk on the east side of 10th Street, N.W., between Pennsylvania Avenue and Constitution Avenue, when a gout of scalding hot steam escaped from a vent in the sidewalk, severely burning both girls.  The origin of the steam was an underground steam distribution complex.  Access to the vent in the sidewalk was neither barricaded nor blocked, and the vent was located on a legal pedestrian walkway.

10.     Sophia sustained painful first and second degree burns to her left ankle and foot, and Regina sustained severe burns to her leg.  Both girls required extensive medical care and treatment for which Plaintiffs David and Lily Openshaw incurred considerable expense.

11.     Upon information and belief, the property on which Sophia and Regina Openshaw were standing when the steam escaped was owned and/or managed by the United

States and GSA.

12.     Effective in or about late August or early September 2004, and up through April 22, 2005, the date of injury to Sophia and Regina Openshaw, Defendant CESI was contractually responsible for the inspection, maintenance, and repair of the underground steam distribution complex from which the scalding hot steam escaped onto the sidewalk where Sophia and Regina Openshaw were burned.

13.     At the same time that Defendant CESI was under contract with GSA to inspect, maintain, and repair the steam distribution complex, GSA was also responsible for the inspection, repair, and maintenance of the steam distribution complex from which the scalding hot steam escaped onto the sidewalk where Sophia and Regina Openshaw were burned.

14.     At least seven months prior to April 22, 2005, the date of injury to Sophia and Regina Openshaw, GSA and CESI had notice and knowledge that the underground steam distribution complex that caused injuries and burns to Sophia and Regina Openshaw was not properly functioning.  On or about September 11, 2004 two other individuals were injured by steam when they traversed a manhole that was part of the same underground steam distribution complex. Notice and knowledge that the underground steam distribution complex was not properly functioning continued throughout the seven months preceding April 22, 2005, up to and including that date.

15.     At least seven months prior to April 22, 2005, GSA and CESI had notice and knowledge that the underground steam distribution complex that caused injuries and burns to Sophia and Regina Openshaw could cause serious injuries and burns to pedestrians walking on the sidewalk in the area of 10th Street and Pennsylvania Avenue, N.W. above the underground steam distribution complex.  Notice and knowledge that the underground steam distribution complex could cause

serious injuries and burns to pedestrians on the above sidewalk continued throughout the seven months preceding April 22, 2005, up to and including that date.

16.     At least seven months prior to April 22, 2005, GSA and CESI had notice and knowledge that the underground steam distribution complex that caused injuries and burns to Sophia and Regina Openshaw had previously caused serious injuries and burns to at least one other minor child.  Notice and knowledge that the underground steam distribution complex had caused serious injuries and burns to pedestrians on the above sidewalk continued throughout the seven months preceding April 22, 2005, up to and including that date.

17.     At least as early as September of 2004, CESI began to perform maintenance and repairs to the underground steam distribution complex pursuant to their contract with GSA.

18.     In September of 2004, GSA and CESI had specific notice and knowledge that scalding steam had escaped through a manhole along 10th Street and Pennsylvania Avenue, N.W., above the improperly functioning steam distribution complex.

19.     In September of 2004, GSA and CESI had specific notice and knowledge that the scalding steam that escaped through the manhole along 10th Street and Pennsylvania Avenue, N.W., above the improperly functioning steam distribution complex, had severely burned a three-year-old minor and her father as they walked along the pedestrian walkway.

20.     In September of 2004, GSA specifically requested emergency repair work by CESI to fix the dangerous condition of steam emission at 10th Street and Pennsylvania Avenue, N.W., caused by the underground steam distribution complex.

21.     In addition to actual maintenance and repair work performed by CESI at the request of GSA prior to April 22, 2005, GSA and CESI both had notice and knowledge that the steam distribution complex had major deficiencies along the areas directly beneath the pedestrian

walkway along 10th Street, N.W. between Pennsylvania Avenue and Constitution Avenue, N.W., the location of the injuries to Sophia and Regina Openshaw.  GSA had notice and knowledge of the deficiencies as early as May of 2001, and CESI had notice and knowledge of the deficiencies as early as August of 2004.  Notice and knowledge of the deficiencies continued up to and including April 22, 2005.  Despite such notice and knowledge, at no time did either Defendant take any steps to warn the public or reroute pedestrian traffic so as to ensure pedestrian safety, but did recklessly permit such known dangerous conditions to persist.

22.     On September 7, 2005, David and Lily Openshaw presented their claims for medical expenses and the claims of their daughters for personal injuries referenced herein to GSA.  GSA rejected the claims in their entirety by letter dated March 8, 2006, thus finally denying the claims set forth herein for purposes of 28 U.S.C. § 2675 (2006).

**Count I – The United States of America**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**<u>Negligence</u>**

23.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

24.     As an owner of property in the District of Columbia, Defendant The United States of America owed a duty to persons lawfully on its property to exercise reasonable care to make the premises reasonably safe.  Defendant breached that duty, and was negligent by, *inter alia*:

a)     failing properly to install, maintain, and/or repair the underground steam structure underlying its property;

b)     failing properly to prevent the escape of scalding steam from the underground steam structure underlying its property;

6

c)      failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure underlying its property;

d)      failing properly to select, supervise, monitor, or inspect the contractor engaged to perform maintenance and repair services on the underground steam structure underlying its property; and

e)      was otherwise negligent.

f)      Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

25.      As a direct and proximate result of the negligence of Defendant The United States of America, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

26.      As a direct and proximate result of the negligence of Defendant The United States of America, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America, as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### Count II – The United States of America
### (David and Lily Openshaw, Individually and
### as Guardians of Regina Openshaw)
### Negligence

7

27.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

28.     As an owner of property in the District of Columbia, Defendant The United States of America owed a duty to persons lawfully on its property to exercise reasonable care to make the premises reasonably safe.  Defendant breached that duty, and was negligent by, *inter alia*:

a)     failing properly to install, maintain, and/or repair the underground steam structure underlying its property;

b)     failing properly to prevent the escape of scalding steam from the underground steam structure underlying its property;

c)     failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure underlying its property;

d)     failing properly to select, supervise, monitor, or inspect the contractor engaged to perform maintenance and repair services on the underground steam structure underlying its property; and

e)     was otherwise negligent.

f)     Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

29.     As a direct and proximate result of the negligence of Defendant The United States of America, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

30.     As a direct and proximate result of the negligence of Defendant The United States

8

of America, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant The United States of America, as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count III – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
<u>**Negligence**</u>

31.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

32.    Defendant CESI owed a duty to prevent injury arising from events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

33.    Defendant CESI breached that duty, and was negligent in, *inter alia*:

a)    failing properly to install, maintain, and/or repair the underground steam structure referenced herein;

b)    failing properly to prevent the escape of scalding steam from the underground steam structure referenced herein;

c)    failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure referenced herein; and

d)    was otherwise negligent.

e)      Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

34.    As a direct and proximate result of the negligence of Defendant CESI, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

35.    As a direct and proximate result of the negligence of Defendant CESI, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### Count IV – CESI
### (David and Lily Openshaw, Individually and as Guardians of Regina Openshaw)
### Negligence

36.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

37.    Defendant CESI owed a duty to prevent injury arising from events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

38.    Defendant CESI breached that duty, and was negligent in, *inter alia*:

10

a)    failing properly to install, maintain, and/or repair the underground steam structure referenced herein;

b)    failing properly to prevent the escape of scalding steam from the underground steam structure referenced herein;

c)    failing properly to protect passersby from the danger of sudden escape of scalding steam from the underground steam structure referenced herein; and

d)    was otherwise negligent.

e)    Plaintiffs also rely on the doctrine of *res ipsa loquitor*.

39.    As a direct and proximate result of the negligence of Defendant CESI, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

40.    As a direct and proximate result of the negligence of Defendant CESI, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count V – All Defendants**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**

11

**Negligence *Per Se***

41.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully
herein.

42.     Defendants owed the public generally, and Plaintiffs specifically, statutory duties
regarding the property owned and/or managed by them.  Those duties arose from, *inter alia*,
D.C. Mun. Regs. tit. 24, § 2001.4 (2004) which prohibits any person who occupies, places,
leaves, or causes to be placed or left on any public space any obstruction that is dangerous to life
and limb, without protecting and guarding that public space.

43.     The aforementioned statute promotes public safety, and was enacted to protect
persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute
therefore set forth duties with which Defendants were required to comply.

44.     Defendants breached those duties and were negligent *per se* by failing to protect
or guard the underground steam structure vent and/or protect or guard against the escape of
scalding steam from the unprotected obstruction on the public sidewalk.

45.     As a direct and proximate result of the negligence of Defendants, Sophia
Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation
and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw
suffered inconvenience and loss of earnings, and sustained medical expenses incurred in
treatment for their daughters' injuries.

46.     As a direct and proximate result of the negligence of Defendants, Plaintiffs
individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less
than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants The United States of

America and Consolidated Engineering Services, Inc., jointly and severally, as follows:  (1)

compensatory damages in the amount of not less than $235,000.00, which amount will be proven

at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as

permitted by law; and (4) such other and further relief as this Court deems proper.

**Count VI – All Defendants**
**(David and Lily Openshaw, Individually and**
**as Guardians of Regina Openshaw)**
**<u>Negligence *Per Se*</u>**

47.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully

herein.

48.    Defendants owed the public generally, and Plaintiffs specifically, statutory duties

regarding the property owned and/or managed by them.  Those duties arose from, *inter alia*,

D.C. Mun. Regs. tit. 24, § 2001.4 (2004) which prohibits any person who occupies, places,

leaves, or causes to be placed or left on any public space any obstruction that is dangerous to life

and limb, without protecting and guarding that public space.

49.    The aforementioned statute promotes public safety, and was enacted to protect

persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute

therefore set forth duties with which Defendants were required to comply.

50.    Defendants breached those duties and were negligent *per se* by failing to protect

or guard the underground steam structure vent and/or protect or guard against the escape of

scalding steam from the unprotected obstruction on the public sidewalk.

51.    As a direct and proximate result of the negligence of Defendants, Regina

Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation

and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw

13

suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

52.     As a direct and proximate result of the negligence of Defendants, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants The United States of America and Consolidated Engineering Services, Inc., jointly and severally, as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Count VII – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Sophia Openshaw)**
**Common Law Tort of Public Nuisance**

53.     Paragraphs 1 – 52 above are hereby incorporated by reference as if set forth fully herein.

54.     Defendant CESI unreasonably interfered with a right common to the general public and thereby caused Plaintiffs to suffer damages distinct from that common to the public.

55.     Defendant CESI owed the public generally, and Plaintiffs specifically, a common law duty to prevent injury arising from abnormal and out of place events and/or events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

56.     Defendant CESI further owed the public generally, and Plaintiffs specifically, statutory duties regarding the property controlled and/or managed by them.  Those duties arose

from, *inter alia*, D.C. Code § 2-106 (2004) which prohibits the operation of any boiler or unfired pressure vessel at a pressure greater than that permitted by the certificate of inspection, or while feed pumps, gauges, cocks, valves, or automatic safety-control devices are not in proper working condition.

57.    The aforementioned statute promotes public safety, and was enacted to protect persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute therefore set forth duties with which Defendant CESI was required to comply.

58.    Defendant CESI breached those duties and under, *inter alia*, D.C. Code § 2-113 (2004) committed a public nuisance by operating the underground steam distribution complex and the associated boilers when feed pumps, gauges, cocks, valves, and/or automatic safety-control devices were not in proper working condition, in violation of D.C. Code § 2-106 (2004).

59.    As evidenced by CESI's conduct proscribed by statute, the operation of the steam distribution complex in direct and willful violation of the foregoing statutes, and by failing to prevent injury arising from abnormal and out of place events and/or events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control, Defendant CESI unreasonably interfered with a public right and acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

60.    As a direct and proximate result of the unreasonable interference with a public right committed by Defendant CESI, Sophia Openshaw suffered special damage, distinct from that common to the public, including physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained

medical expenses incurred in treatment for their daughters' injuries.

61.    As a direct and proximate result of the unreasonable interference with a public right, Defendant CESI committed the common law tort of public nuisance, and Plaintiffs, individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

### Count VIII – CESI
### (David and Lily Openshaw, Individually and
### as Guardians of Regina Openshaw)
### Common Law Tort of Public Nuisance

62.    Paragraphs 1 – 61 above are hereby incorporated by reference as if set forth fully herein.

63.    Defendant CESI unreasonably interfered with a right common to the general public and thereby caused Plaintiffs to suffer damages distinct from that common to the public.

64.    Defendant CESI owed the public generally, and Plaintiffs specifically, a common law duty to prevent injury arising from abnormal and out of place events and/or events that would not ordinarily have occurred in the exercise of due care in regard to an instrumentality under its control.

65.    Defendant CESI further owed the public generally, and Plaintiffs specifically, statutory duties regarding the property controlled and/or managed by them.  Those duties arose

from, *inter alia*, D.C. Code § 2-106 (2004) which prohibits the operation of any boiler or unfired

pressure vessel at a pressure greater than that permitted by the certificate of inspection, or while

feed pumps, gauges, cocks, valves, or automatic safety-control devices are not in proper working

condition.

66.     The aforementioned statute promotes public safety, and was enacted to protect

persons in Plaintiffs' position, and to prevent the type of incident described above.  Such statute

therefore set forth duties with which Defendant CESI was required to comply.

67.     Defendant CESI breached those duties and under, *inter alia*, D.C. Code § 2-113

(2004) committed a public nuisance by operating the underground steam distribution complex

and the associated boilers when feed pumps, gauges, cocks, valves, and/or automatic safety-

control devices were not in proper working condition, in violation of D.C. Code § 2-106 (2004).

68.     As evidenced by CESI's conduct proscribed by statute, the operation of the steam

distribution complex in direct and willful violation of the foregoing statutes, and by failing to

prevent injury arising from abnormal and out of place events and/or events that would not

ordinarily have occurred in the exercise of due care in regard to an instrumentality under its

control, Defendant CESI unreasonably interfered with a public right and acted in an outrageous

and reckless manner and with such indifference to the consequences as to evince a willful

disregard for the health and for the rights of Regina Openshaw.

69.     As a direct and proximate result of the unreasonable interference with a public

right committed by Defendant CESI, Regina Openshaw suffered special damage, distinct from

that common to the public, including physical pain, emotional distress, scarring and

disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David

Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained

medical expenses incurred in treatment for their daughters' injuries.

70.     As a direct and proximate result of the unreasonable interference with a public right, Defendant CESI committed the common law tort of public nuisance, and Plaintiffs, individually and on behalf of Regina Openshaw, have suffered damages in an amount not less than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

### Count IX – CESI
### (David and Lily Openshaw, Individually and
### as Guardians of Sophia Openshaw)
### Willful Disregard for the Rights of Sophia Openshaw

71.     Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

72.     Defendant CESI knew, or should have known, that the underground steam distribution complex that caused injuries to Sophia Openshaw was not properly functioning.

73.     Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex could harm individuals walking on the pedestrian walkways above the underground steam distribution complex.

74.     Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex could and/or would emit harmful and injurious vapors into and onto the pedestrian walkways above the underground steam distribution complex.

18

75.    Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex had already, prior to April 22, 2005, the date of Sophia Openshaw's injuries, injured and burned at least one other minor individual walking on the pedestrian walkways above the steam distribution complex.

76.    Defendant CESI knew, or should have known, to repair the improperly functioning steam distribution complex.

77.    Defendant CESI knew, or should have known, to block pedestrian access to the vents and/or grates through which harmful and injurious vapors escaped and/or emitted into and onto the pedestrian walkways above the underground steam distribution complex.

78.    Defendant CESI knew, or should have known, that repairing the steam distribution complex and/or blocking pedestrian access to the vents and/or grates above the steam distribution complex would have prevented injuries to individuals such as Sophia Openshaw.

79.    By failing to repair the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

80.    By failing to prevent harmful and injurious vapors from escaping directly into and onto the pedestrian walkway above the underground steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

81.    By failing to at least block access to the pedestrian walkway vents and/or grates

19

through which the harmful and injurious vapors were emitted by the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Sophia Openshaw.

82.    As a direct and proximate result of Defendant CESI's outrageous and reckless conduct and willful disregard for Sophia Openshaw's health and rights, Sophia Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

83.    As a direct and proximate result of Defendant CESI's outrageous and reckless conduct and willful disregard for Sophia Openshaw's health and rights, Plaintiffs individually and on behalf of Sophia Openshaw, have suffered damages in an amount not less than $235,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $235,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

**Count X – CESI**
**(David and Lily Openshaw, Individually and**
**as Guardians of Regina Openshaw)**
**Willful Disregard for the Rights of Regina Openshaw**

84.    Paragraphs 1 – 22 above are hereby incorporated by reference as if set forth fully herein.

85.    Defendant CESI knew, or should have known, that the underground steam distribution complex that caused injuries to Regina Openshaw was not properly functioning.

86.    Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex could harm individuals walking on the pedestrian walkways above the underground steam distribution complex.

87.    Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex could and/or would emit harmful and injurious vapors into and onto the pedestrian walkways above the underground steam distribution complex.

88.    Defendant CESI knew, or should have known, that the improperly functioning steam distribution complex had already, prior to April 22, 2005, the date of Regina Openshaw's injuries, injured and burned at least one other minor individual walking on the pedestrian walkways above the steam distribution complex.

89.    Defendant CESI knew, or should have known, to repair the improperly functioning steam distribution complex.

90.    Defendant CESI knew, or should have known, to block pedestrian access to the vents and/or grates through which harmful and injurious vapors escaped and/or emitted into and onto the pedestrian walkways above the underground steam distribution complex.

91.    Defendant CESI knew, or should have known, that repairing the steam distribution complex and/or blocking pedestrian access to the vents and/or grates above the steam distribution complex would have prevented injuries to individuals such as Regina Openshaw.

21

92.    By failing to repair the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Regina Openshaw.

93.    By failing to prevent harmful and injurious vapors from escaping directly into and onto the pedestrian walkway above the underground steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Regina Openshaw.

94.    By failing to at least block access to the pedestrian walkway vents and/or grates through which the harmful and injurious vapors were emitted by the steam distribution complex despite the known danger and the known prior injuries and burns, Defendant CESI acted in an outrageous and reckless manner and with such indifference to the consequences as to evince a willful disregard for the health and for the rights of Regina Openshaw.

95.    As a direct and proximate result of Defendant CESI's outrageous and reckless misconduct and willful disregard for Regina Openshaw's health and rights, Regina Openshaw suffered physical pain, emotional distress, scarring and disfigurement, humiliation and embarrassment, and inconvenience, and Plaintiffs David Openshaw and Lily Openshaw suffered inconvenience and loss of earnings, and sustained medical expenses incurred in treatment for their daughters' injuries.

96.    As a direct and proximate result of the Defendant CESI's outrageous and reckless misconduct and willful disregard for Regina Openshaw's health and rights, Plaintiffs individually and on behalf of Regina Openshaw, have suffered damages in an amount not less

than $85,000.00, which will be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant Consolidated Engineering Services, Inc., as follows:  (1) compensatory damages in the amount of not less than $85,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $750,000.00; (3) payment of all costs associated with this action; (4) post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

Respectfully submitted,

By:     Peter C. Grenier /s/
        Peter C. Grenier (D.C. Bar # 418570)
        BODE & GRENIER, L.L.P.
        1150 Connecticut Avenue, N.W.
        Ninth Floor
        Washington, D.C. 20036
        (202) 828-4100 (telephone)
        (202) 828-4130 (facsimile)
        Counsel for Plaintiffs

Dated: April 24, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2007 I served a true and correct copy of the foregoing SECOND AMENDED COMPLAINT by electronic case filing upon:

      William J. Hickey, Esquire
      33 Wood Lane
      Rockville, MD  20850
      *Counsel for Defendant/Counter-Plaintiffs/Third-Party Plaintiffs CESI*

      Mary Malloy Dimaio, Esquire
      Law Office of Maher & Associates
      502 Washington Avenue
      Suite 410 – Nottingham Centre
      Towson, MD 21204
      *Counsel for Third-Party Defendant Day & Zimmerman Services, Inc.*

      Diane M. Sullivan, Esquire
      Assistant U.S. Attorney
      555 Fourth Street, N.W.
      Room E4919
      Washington, D.C.  20530
      *Counsel for the United States of America*

                      *Peter C. Grenier /s/*
                        Peter C. Grenier