**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| DAVID OPENSHAW, et al. : | |
| : | |
| Plaintiffs : | |
| Counter-Defendants : | |
| : | |
| v. : | Case No: 1:06-cv-1884 (CKK) |
| : | |
| CONSOLIDATED ENGINEERING : | |
| SERVICES, INC. : | |
| : | |
| Defendant/ : | |
| Counter-Plaintiff : | |
| Third-Party Plaintiff : | |
| : | |
| v. : | |
| : | |
| DAY AND ZIMMERMAN : | |
| SERVICES, INC. : | |
| : | |
| and : | |
| : | |
| UNITED STATES OF AMERICA : | |
|   Serve:  Diane M. Sullivan, Esq. : | |
|       Assistant U.S. Attorney : | |
|       555 Fourth Street, N.W. : | |
|       Room E4919 : | |
|       Washington, D.C. 20530 : | |
| : | |
| Third-Party Defendants : | |

**DEFENDANT, COUNTER-PLAINTIFF AND
THIRD-PARTY PLAINTIFF CONSOLIDATED ENGINEERING
SERVICES, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED
COMPLAINT, COUNTERCLAIM AGAINST PLAINTIFF AND COUNTER-
DEFENDANT LILY OPENSHAW AND THIRD-PARTY COMPLAINT
AGAINST THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA**

COMES NOW Defendant, Counter-Plaintiff and Third-Party Plaintiff Consolidated

Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire and

1

Robert M. Gittins, Esquire of the Law Offices of William J. Hickey, and for its Answer to the Second Amended Complaint filed by the Plaintiffs herein state as follows:

### First Defense

The Second Amended Complaint fails to state a cause of action against this Defendant and should be dismissed.

### Second Defense

1. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

2. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

3. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

4. This Defendant acknowledges Plaintiffs are attempting to assert the jurisdiction of this Court to which no response is required.

5. This Defendant acknowledges Plaintiffs are attempting to assert that venue is proper in this jurisdiction to which no response is required.

6. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 6 and can neither admit nor deny at this time.

7. This Defendant admits the allegations of Paragraph 7 of the Complaint.

8. This Defendant admits the allegations of Paragraph 8 of the Complaint.

9. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 9 and can neither admit nor deny at this time.

10. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 10 and can neither admit nor deny at this time.

11. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11 and can neither admit nor deny at this time.

12. This Defendant denies the allegations in Paragraph 12.

13. This Defendant denies the allegations in Paragraph 13 regarding CESI.  However, this Defendant admits that Defendant USA was ultimately responsible for the inspection, repair and maintenance of the steam distribution complex.

14. This Defendant denies the allegations in Paragraph 14.

15. This Defendant denies the allegations in Paragraph 15

16. This Defendant denies the allegations in Paragraph 16.

17. This Defendant admits that as of August 31, 2004, it had begun to perform certain maintenance and repairs involving the Steam Distribution Complex under the supervision of, and subject to the authority of, the General Services Administration.

18. This Defendant denies the allegations in Paragraph 18 as phrased.

19. This Defendant denies the allegations in Paragraph 19 as phrased

20. This Defendant denies the allegations in Paragraph 20 as phrased.

21. This Defendant denies the allegations in Paragraph 21.

22. This Defendant has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 22 and can neither admit nor deny at this time.

23-30. This Defendant need not respond to the allegations of Paragraphs 23 through 30 as these allegations do not pertain to this Defendant

31. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 31 of the Complaint.

32. This Defendant denies the allegations in Paragraph 32.

33. This Defendant denies the allegations in Paragraph 33.

34. This Defendant denies the allegations in Paragraph 34.

35. This Defendant denies the allegations in Paragraph 35.

36. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 36 of the Complaint.

37. This Defendant denies the allegations in Paragraph 37.

38. This Defendant denies the allegations in Paragraph 38.

39. This Defendant denies the allegations in Paragraph 39.

40. This Defendant denies the allegations in Paragraph 40.

41. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 41 of the Complaint.

42. This Defendant denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

44. This Defendant denies the allegations in Paragraph 44.

45. This Defendant denies the allegations in Paragraph 45.

46. This Defendant denies the allegations in Paragraph 46.

47. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 47 of the Complaint.

48. This Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

50. This Defendant denies the allegations in Paragraph 50.

51. This Defendant denies the allegations in Paragraph 51.

52. This Defendant denies the allegations in Paragraph 52.

53. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 53 of the Complaint.

54. This Defendant denies the allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied..

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

58. This Defendant denies the allegations in Paragraph 58.

59. This Defendant denies the allegations in Paragraph 59.

60. This Defendant denies the allegations in Paragraph 60.

61. This Defendant denies the allegations in Paragraph 61.

62. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 62 of the Complaint.

63. This Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

67. This Defendant denies the allegations in Paragraph 67.

68. This Defendant denies the allegations in Paragraph 68.

69. This Defendant denies the allegations in Paragraph 69.

70. This Defendant denies the allegations in Paragraph 70.

71. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 71 of the Complaint.

72. This Defendant denies the allegations in Paragraph 72.

73. This Defendant denies the allegations in Paragraph 73.

74. This Defendant denies the allegations in Paragraph 74.

75. This Defendant denies the allegations in Paragraph 75.

76. This Defendant denies the allegations in Paragraph 76.

77. This Defendant denies the allegations in Paragraph 77.

78. This Defendant denies the allegations in Paragraph 78.

79. This Defendant denies the allegations in Paragraph 79.

80. This Defendant denies the allegations in Paragraph 80.

81. This Defendant denies the allegations in Paragraph 81.

82. This Defendant denies the allegations in Paragraph 82.

83. This Defendant denies the allegations in Paragraph 83.

84. This Defendant adopts and incorporates its previous answers and denials in response to Paragraph 84 of the Complaint.

85. This Defendant denies the allegations in Paragraph 85.

86. This Defendant denies the allegations in Paragraph 86.

87. This Defendant denies the allegations in Paragraph 87.

88. This Defendant denies the allegations in Paragraph 88.

89. This Defendant denies the allegations in Paragraph 89.

90. This Defendant denies the allegations in Paragraph 90.

91. This Defendant denies the allegations in Paragraph 91.

92. This Defendant denies the allegations in Paragraph 92.

93. This Defendant denies the allegations in Paragraph 93.

94. This Defendant denies the allegations in Paragraph 94.

95. This Defendant denies the allegations in Paragraph 95.

96. This Defendant denies the allegations in Paragraph 96.

## Third Defense

This Defendant affirmatively asserts the defense of the statute of limitations as to each and every allegation and count of Plaintiffs' Second Amended Complaint.

## Fourth Defense

This Defendant pleads and avers the affirmative defense of estoppel.

## Fifth Defense

This Defendant pleads and avers the affirmative defense of Release

## Sixth Defense

This Defendant asserts the Plaintiffs failed to mitigate damages.

### **Seventh Defense**

This Defendant pleads and avers the affirmative defense of contributory negligence.

### **Eighth Defense**

This Defendant pleads and avers the affirmative defense of the assumption of the risk.

### **Ninth Defense**

This Defendant pleads and avers that the injuries and damages alleged by the Plaintiffs were the result of independent and/or intervening acts over which this Defendant had no control or responsibility.

### **Tenth Defense**

Plaintiffs lack standing to bring this action.

### **Eleventh Defense**

Plaintiffs have failed to satisfy conditions precedent to sustain this action.

### **Twelfth Defense**

Plaintiffs lack privity with this Defendant and as a consequence this Defendant owed neither duty nor responsibility to Plaintiffs for any consequential or personal injuries.

### **Thirteenth Defense**

Plaintiffs have failed to join indispensable parties and as a consequence the Complaint should be dismissed.

This Defendant reserves the right to further amend its Answer as discovery develops.

## COUNTERCLAIM AGAINST PLAINTIFF
## AND COUNTER-DEFENDANT LILY OPENSHAW

COMES NOW Defendant, Counter-Plaintiff and Third-Party Plaintiff CESI by and through its counsel, William J. Hickey, Esquire and Robert M. Gittins, Esquire of the Law Offices of William J. Hickey, pursuant to Rule 13 of the Federal Rules of Civil Procedure and files its Counterclaim against Plaintiff and Counter-Defendant Lily Openshaw.  In support thereof, CESI states as follows:

1. On or about April 24, 2007, Plaintiffs filed their Second Amended Complaint in the above-captioned lawsuit against Defendants CESI and USA[1] alleging, *inter alia*, that each Defendant was negligent in operating, maintaining and/or repairing the steam distribution complex ("SDC").  As a result of this alleged negligence, Plaintiffs Sophia and Regina were purportedly injured when these Plaintiffs came in contact with steam or some other vapor emitting from the SDC.

2. The injuries complained of in Plaintiffs' Second Amended Complaint allegedly occurred on April 22, 2005 when Plaintiffs Lily, Sophia and Regina Openshaw purposely and intentionally walked onto a vent emitting visible steam, or other vapor from a vent in or about the public street and traffic throughway or other area adjacent and not part of the pedestrian walkway.

3. At all times and places as they traveled in the District of Columbia on the day of their alleged incident, Lily Openshaw, had a duty to supervise her minor children and to exercise reasonable care and attention for their protection and safety and otherwise to act in a reasonable and responsible manner to prevent harm to occur to the minor Plaintiffs, Sophia and Regina Openshaw.

---

[1] The USA was included in the Second Amended Complaint despite the fact that the Court dismissed all of Plaintiffs' claims against USA on March 6, 2007.

    4.    Lily Openshaw breached her duty to supervise the minor Plaintiffs, Sophia and Regina Openshaw, by allowing said children to wonder off the pedestrian walkway and/or into the street and allowing each of them to purposely walk onto a grate visibly emitting scalding hot steam, or injurious vapors.

    5.    As a direct and proximate result of Lily Openshaw's negligence, her children, the minor Plaintiffs, Sophia and Regina Openshaw, allegedly suffered personal injuries.

WHEREFORE, Defendant, Counter-Plaintiff and Third-Party Plaintiff CESI is entitled to full indemnity and/or contribution for any or all damages that may be imposed upon it and further requests that this Honorable Court to issue an order:

    a.    Entering judgment in favor of CESI against Plaintiff and Counter-Defendant Lily Openshaw;

    b.    Awarding in favor of CESI, Plaintiff and Counter-Defendant Lily Openshaw's contribution for any sum awarded to the Plaintiffs against CESI;

    c.    Awarding CESI reasonable attorneys' fees and costs; and

    d.    Awarding CESI such further relief as this Court deems just and proper.

**THIRD PARTY COMPLAINT AGAINST UNITED STATES OF AMERICA**

COMES NOW Defendant, Counter-Plaintiff and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI"), by and through its counsel, William J. Hickey, Esquire, Robert M. Gittins, Esquire and the Law Offices of William J. Hickey, pursuant to Federal Rule of Civil Procedure 14(a), and hereby files its Third-Party Complaint against Third-Party Defendant United States of American ("USA"). In support thereof, CESI states as follows:

1. CESI has been sued by Plaintiffs alleging negligence relating to an accident, which occurred on or about April 22, 2005, involving the alleged emission of steam, or other unidentified vapor, from the Steam Distribution Complex ("SDC"), through a grate at or near 10th Street, NW, between Pennsylvania Avenue and Constitution Avenue, in the District of Columbia. Said steam or vapor allegedly resulted in injuries to the Plaintiffs.

2. CESI entered into a contract with the General Services Administration ("GSA") an Agency of Third-Party Defendant USA for the repair and maintenance of the SDC on or about August 31, 2004 or less than nine (9) months prior to the occurrence that is the subject of this litigation.

3. CESI denies all allegations of liability, and states that its investigation has revealed that it was the negligent acts and/or omissions of Third-Party USA, and/or by and through its agents, servants, subcontractors, and/or employees, particularly in conjunction with the negligent acts and/or omissions of GSA and/or Third-Party Defendant Day & Zimmerman Services, Inc. ("D&Z"), which held the original contract for the repair and maintenance of the SDC, that proximately caused the injuries and damages claimed by Plaintiffs.

4. On the occasion that is the subject of this lawsuit, Third-Party Defendant USA owed a duty of care to Plaintiffs and was negligent in the following respects:

    a. Third-Party Defendant USA, through the GSA, was aware of problems of water leaking into the SDC, as well as other issues identified to be repaired, at the location of the accident that is the subject of this litigation, for at least one year prior to said accident.

    b. Third-Party Defendant USA failed to inspect, maintain, repair, authorize repairs and/or follow up on the existence of the water leakage, and other identified problems, at this location prior to and after the time CESI obtained the contract for the repair and maintenance of the SDC.

    c. Third-Party Defendant USA was negligent in its responsibility to maintain and repair the SDC as dictated by the terms of its contract with CESI, as well as in its responsibilities as owners and ultimate supervisor of all aspects of the SDC, to provide said repair and maintenance services at all times prior and subsequent to the date that CESI assumed the responsibility for certain repairs and maintenance of the SDC.

    d. Such negligent actions stated in paragraphs (a) through (c) above, on the part of Third-Party Defendant USA were the direct and proximate cause of the injuries set forth by Plaintiffs in their Second Amended Complaint.

WHEREFORE, Defendant, Counter-Plaintiff and Third-Party Plaintiff CESI prays that the Court enter judgment against Third-Party Defendant USA:

a.  for all sums that may be adjudged against CESI in favor of the Plaintiffs on theories of indemnification and/or contribution,

b.  for an award of any or all attorney fees incurred by CESI with this suit, as may be permitted by law; and/or expressly provided by contract and

c.  for such other relief as this Court deems just and proper.

Respectfully submitted,

Law Offices of William J. Hickey

　　　/s/ Robert M. Gittins　　　
William John Hickey, Bar No: 928945
Robert M. Gittins, Bar No.: 490016
Law Offices of William J. Hickey
33 Wood Lane
Rockville, Maryland 20850
301-424-6300
301-294-4568 (fax)
Counsel for the Defendant and Third-Party
 Plaintiff CESI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2007, copies of the foregoing were submitted via electronic filing to the foregoing:

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W., 9th Floor
Washington, D.C. 20036

Diane M. Sullivan, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530

Mary Malloy Dimaio, Esq.
Law Office of Maher & Associates
502 Washington Avenue
Suite 410 – Nottingham Centre
Towson, MD 21204

/s/ Robert M. Gittins
William John Hickey