## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID OPENSHAW, et al.** | ) |
| Plaintiffs, | ) |
| Counter-Defendant | ) |
| v. | ) Civil Action No. 06-cv-1884(CKK) |
| **CONSOLIDATED ENGINEERING SERVICES, INC.** | ) |
| Defendant, Counter-Plaintiff, Third-Party Plaintiff | ) |
| v. | ) |
| **DAY AND ZIMMERMAN SERVICES, INC.** | ) |
| Third-Party Defendant | ) |
| v. | ) |
| **UNITED STATES OF AMERICA** | ) |
| Third-Party Defendant | ) |

### ANSWER TO CONSOLIDATED ENGINEERING SERVICES, INC.'S COUNTERCLAIM

For her Answer to the Counterclaim Against Plaintiff and Counter-Defendant Lily Openshaw filed by Defendant, Counter-Plaintiff, and Third-Party Plaintiff Consolidated Engineering Services, Inc. ("CESI") in the Answer to the Second Amended Complaint, Plaintiff and Counter-Defendant Lily Openshaw, by counsel, responds as follows:

**General Denial**

Plaintiff and Counter-Defendant Lily Openshaw denies each and every allegation contained in CESI's Counterclaim, except as hereinafter may be expressly admitted.

The above captioned case was initiated by Plaintiffs David and Lily Openshaw, individually and on behalf of Sophia Openshaw and Regina Openshaw. Sophia and Regina Openshaw, minor children, suffered severe burns and injuries as a result of the negligent operation, maintenance, and/or repair of an underground steam distribution complex that emitted dangerous and injurious steam directly into and onto a pedestrian walkway. At the time of their injuries, Sophia and Regina Openshaw were rightfully and properly walking on a pedestrian walkway. Plaintiff and Counter-Defendant Lily Openshaw was with her daughters, walking on the very same pedestrian walkway, within several feet.

CESI's counterclaim fails to state a cause of action against Plaintiff and Counter-Defendant Lily Openshaw. As a matter of law, Lily Openshaw could under no conceivable set of circumstances have been negligent in supervising or caring for her children. Further, CESI is strictly liable for the damages caused to Lily Openshaw's minor daughters, and therefore is not entitled to contribution against Lily Openshaw.

**Response to Specific Allegations By Numbered Paragraph**

The Counterclaim fails to state a cause of action against Plaintiff and Counter-Defendant Lily Openshaw and should be dismissed.

1.  To the extent that paragraph 1 merely recites what is contained in Plaintiffs' Complaint herein, that is a legal document the terms of which speak for themselves and for which no response is required. To the extent a response is required, Plaintiff and Counter-

Defendant admits that the Second Amended Complaint was filed and that negligence claims were asserted, but denies the remainder of the allegations in paragraph 1 as phrased.

2. Plaintiff and Counter-Defendant Lily Openshaw denies the allegations contained in paragraph 2.

3. Plaintiff and Counter-Defendant Lily Openshaw denies the allegations contained in paragraph 3.

4. Plaintiff and Counter-Defendant Lily Openshaw denies the allegations contained in paragraph 4.

5. Plaintiff and Counter-Defendant Lily Openshaw denies the allegations contained in paragraph 5.

### First Affirmative Defense

The Counterclaim fails to state claims for which relief can be granted.

### Second Affirmative Defense

The claims are barred by the doctrine of assumption of risk.

### Third Affirmative Defense

The claims are barred by the doctrine of contributory negligence.

### Fourth Affirmative Defense

The claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

The claims are barred by the doctrine of *in pari delicto*.

### Sixth Affirmative Defense

The claims are barred by the doctrines of promissory and equitable estoppel.

### Seventh Affirmative Defense

The claims are barred by the doctrine of fraud.

### Eighth Affirmative Defense

The claims are barred by the doctrine of parental immunity.

### Ninth Affirmative Defense

The claims are barred by the doctrine of laches.

### Tenth Affirmative Defense

The claims are barred by the doctrine of illegality.

### Eleventh Affirmative Defense

The claims are barred because CESI comes to this Court with unclean hands.

### Twelfth Affirmative Defense

The claims are barred because CESI has failed to join necessary and indispensable parties.

### Thirteenth Affirmative Defense

The claims are barred because any alleged damages suffered by CESI were caused solely by its own (i.e., CESI's) acts or omissions and/or the acts or omissions of third parties.

### Fourteenth Affirmative Defense

The claims are barred by the statute of limitations.

### Fifteenth Affirmative Defense

The claims are barred because any negligence by this Plaintiff is not imputable to either of the injured minors.

### Sixteenth Affirmative Defense

The claims are barred to the extent they exceed the amount of medical expenses sought by this Plaintiff.

### Seventeenth Affirmative Defense

CESI lacks standing to bring the Counterclaim.

### Eighteenth Affirmative Defense

CESI lacks the capacity to bring the Counterclaim.

### Right to Amend Answer

Plaintiff and Counter-Defendant Lily Openshaw expressly reserves the right to file an amended Answer including such additional defenses as may be discovered during the pendency of this action and as discovery proceeds.

### Relief Sought

WHEREFORE having fully answered the Counterclaim lodged against her, Plaintiff and Counter-Defendant Lily Openshaw requests that the Court dismiss the Counterclaim with prejudice. Alternatively, Plaintiff and Counter-Defendant Lily Openshaw requests that the Court enter judgment in her favor and against Defendant and Counter-Plaintiff CESI. Additionally,

Plaintiff and Counter-Defendant Lily Openshaw seeks attorney's fees and costs, as well as such other relief as the Court may deem just and proper under the circumstances of this case.

        Respectfully submitted,

        LILY OPENSHAW

By: *Peter C. Grenier /s/*_____
     Peter C. Grenier
     BODE & GRENIER, LLP
     1150 Connecticut Avenue, N.W.
     Ninth Floor
     Washington, D.C. 20036
     (202) 828-4100
     *Counsel for Plaintiffs/Counter-Defendant*

DATED:   May 7, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of May, 2007 I served a true and correct copy of the foregoing ANSWER TO CONSOLIDATED ENGINEERING SERVICES, INC.'S COUNTERCLAIM by electronic case filing upon:

William J. Hickey, Esquire
Robert M. Gittens, Esquire
33 Wood Lane
Rockville, MD  20850
*Counsel for Defendant/Counter-Plaintiffs/Third-Party Plaintiffs CESI*

Diane M. Sullivan, Esquire
Assistant U.S. Attorney
555 Fourth Street, N.W.
Room E4919
Washington, D.C.  20530
*Counsel for Third-Party Defendant the United States of America*

Mary Malloy Dimaio, Esquire
Law Offices of Maher & Associates
502 Washington Avenue
Suite 410 – Nottingham Centre
Towson, MD  21204
*Counsel for Third-Party Defendant Day and Zimmerman Services, Inc.*


                                                  _Peter C. Grenier /s/_____
                                                          Peter C. Grenier